## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JULIA ZIMMERMAN,**

      Plaintiff,

vs.

**ELIZABETH A. PENSLER, D.O., PLLC d/b/a "PENSLER VEIN AND VASCULAR SURGICAL INSTITUTE" and "ELIZABETH FACE + BODY MED SPA",** a Michigan Professional Limited Liability Company, **ELIZABETH A. PENSLER, D.O.,** an Individual, **ELIZABETH MED SPA, PLLC,** A Michigan Professional Limited Liability Company, **DEREK L. HILL, D.O., PLLC d/b/a "HILL ORTHOPEDICS",** a Domestic Professional Limited Liability Company, **DEREK L. HILL, D.O.,** an Individual, *Jointly and severally in their individual and official capacities,*

      Defendants.

Case No: 23-cv-11634
Hon. Nancy G. Edmunds
Mag. Judge Anthony P. Patti

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
*Attorneys for Plaintiff*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com

**THE HEALTH LAW PARTNERS, P.C.**
Clinton Mikel (P73496)
*Attorneys for the Defendants*
32000 Northwestern Highway, Suite 240
Farmington Hills, MI 48334
Tel: (248)996-8510
emikel@thehlp.com

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION

## STATEMENT OF THE ISSUES PRESENTED

I.      Should the Court grant Defendants' request for a 45-day extension of their time to answer or otherwise respond to Plaintiff's Amended Complaint where Defendants have failed to show good cause and such a lengthy extension would prejudice Plaintiff?

   Plaintiff responds: No

# CONTROLLING AND MOST APPROPRIATE AUTHORITY

**Cases**

*Burgess v. Bell*,
  555 F. Supp. 2d 855 (E.D. Mich. 2008) ........................................................................... 2

*Cooper v. Shelby Cnty.,*
  No. 07–2283–STA–cgc, 2010 WL 3211677 (W.D.Tenn. Aug. 10, 2010) .................. 3

*Edkins v. United States*,
  No. 1:17-CV-142, 2017 WL 11511310 (W.D. Mich. Apr. 10, 2017) .......................... 2

*Foster v. Halter,*
  279 F.3d 348 (6th Cir.2001) ............................................................................................. 1

*Malin v. JPMorgan*,
  860 F. Supp. 2d 574 (E.D. Tenn. 2012) ......................................................................... 3

*MRP Properties, LLC*,
  No. 17-CV-11174, 2017 WL 11518355, at *2 (E.D. Mich. Oct. 5, 2017) .................. 3

*United States ex rel. Kalish v. Desnick,*
  765 F.Supp. 1352 (N.D.Ill.1991) ..................................................................................... 1

**Rules**

Fed. R. Civ. P. 1 ................................................................................................................... 3
Fed. R. Civ. P. 6 ................................................................................................................... 1
Fed.R.Civ.P. 6(b) ................................................................................................................. 1

## ARGUMENT

In total, Defendants seek more than three times the amount of time allotted by the court rules to respond to Plaintiff's complaint. They have not articulated good cause to delay this case until November 2023. Defendants set forth a litany of shifting reasons for an extension. But ultimately, it is obvious that the actual reason for the extension is Defendants' intent to file a motion to dismiss. **Def. Ex. E**. If Defendants' extension is granted and they file such a motion, Plaintiff's response would be due on October 16, 2023. As Plaintiff's counsel Deborah Gordon explained to defense counsel, her office has several trials with firm dates set to begin on September 25 and continuing through the end of October or early November (an arbitration hearing on September 25, 2029, a trial in Washtenaw County on October 16, 2023, and two lengthy trials in the Eastern District of Michigan on October 18 and October 19, 2023). This leaves little to no time for a response to a dispositive motion to be drafted. Plaintiff does not agree to move her response due date into November or December. She is anxious to move this case forward and speedily resolve her claims. The court rules should be applied, and this motion should be denied.

Requests for enlargement of time under Fed. R. Civ. P. 6 should be supported by a showing of good cause. *See* Fed.R.Civ.P. 6(b); *United States ex rel. Kalish v. Desnick,* 765 F.Supp. 1352, 1355 (N.D.Ill.1991). A party shows good cause by demonstrating a "reasonable justification" for its inability to complete the requested task within the time prescribed. *See Foster v. Halter,* 279 F.3d 348, 357 (6th Cir.2001). It may do so by

advancing specific facts which describe the magnitude of the undertaking, the time available for completion, and circumstances which would prevent a reasonable person from performing within the time allowed by a statute or court rule. *Kalish,* 765 F.Supp. at 1354. Generalizations and conclusory allegations like the ones Defendants proffered here will not suffice to meet this standard. *Id.; see also Burgess v. Bell*, 555 F. Supp. 2d 855, 857 (E.D. Mich. 2008); *see also Edkins v. United States*, No. 1:17-CV-142, 2017 WL 11511310, at *2 (W.D. Mich. Apr. 10, 2017) (Plaintiff's statement of "unforeseen medical issues" was too vague to constitute good cause for an extension).

Defendants failed to articulate good cause for why they are unable to respond to Plaintiff's Amended Complaint in the time allotted under the court rules. Their ever-expanding list of reasons describe nothing more than the normal obligations of daily life and fall conspicuously short of identifying circumstances that would reasonably prevent a response from being filed by one of the 13 attorneys employed by Defendants' counsel's firm. *See* The Health Law Partners, https://www.thehealthlawpartners.com/attorneys.html.

For example, the mere fact that an attorney's caseload involves multiple cases would not prevent a reasonable person from responding to a complaint within the time allowed by the court rules. Likewise, counsel's vague references to "summertime camp/childcare logistics" and various "vacations" are not good cause to extend their time to respond until after "summer" is over and they are "back to kids-in-school." *See* **Def. Ex. C**. Nor do counsel's conclusory allegations that they may, at some point in

2

the future, have elder care responsibilities amount to specific facts preventing them from filing a motion to dismiss or answer to the Amended Complaint. **Def. Ex. G**. The generalizations and hypotheticals[1] articulated in Defendants' motion and brief are not good cause for the significant extension sought.

It would be prejudicial to force Plaintiff to suspend her redress of civil rights violations until the end of the year because Defendants' attorneys would prefer not to proceed with the case until summer is over or because they want an unreasonably lengthy period to draft a motion. The extension sought here would severely prejudice the speedy determination of Plaintiff's claims. *See* Fed. R. Civ. P. 1. In addition to prejudicing Plaintiff, a 45-day extension would undermine the interests of judicial economy, efficient use of resources, maintaining an orderly docket, and streamlining a resolution of this case. *See MRP Properties, LLC*, No. 17-CV-11174, 2017 WL 11518355, at \*2 (E.D. Mich. Oct. 5, 2017). Defendants' motion should be denied.

Dated: August 2, 2023

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
Attorneys for Plaintiffs

---

[1] Given the evolving litany of reasons to extend Defendants provided during the parties' discussions, it bears pointing out that that Defendants cannot assert new rationales for an extension for the first time in their reply brief. *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012)(citing *Cooper v. Shelby Cnty.*, No. 07–2283–STA–cgc, 2010 WL 3211677, at \*3 n. 14 (W.D.Tenn. Aug. 10, 2010) (collecting Sixth Circuit and district court cases discussing this principle)).

33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
msavage@deborahgordonlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 2, 2023, Plaintiff's Response in Opposition to Defendants' Motion for an Extension was filed and served via the United States District Court electronic transmission.

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
Attorneys for Plaintiffs
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
msavage@deborahgordonlaw.com