UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIA ZIMMERMAN,

      Plaintiff,

vs.

ELIZABETH A. PENSLER, D.O., PLLC
(d/b/a "Pensler Vein and Vascular",
"Pensler Vein and Vascular Surgical
Institute", and "Elizabeth Face +
Body Med Spa") *et al.,*

      Defendants.

Case No. 2:23-cv-11634-NGE-APP

Judge: Hon. Nancy G. Edmunds
Magistrate Judge:
Hon. Anthony P. Patti

___

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
*Attorneys for the Plaintiff*
Julia Zimmerman
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
Tel: (248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com

**THE HEALTH LAW PARTNERS, P.C.**
Clinton Mikel (P73496)
*Attorneys for the Defendants*
Elizabeth A. Pensler, D.O., PLLC
(d/b/a "Pensler Vein and Vascular
"Pensler Vein and Vascular Surgical
Institute", and "Elizabeth Face +
Body Med Spa"); Elizabeth Med
Spa, PLLC Derek L. Hill, D.O.,
PLLC; (d/b/a "Hill Orthopedics"),
Elizabeth Pensler, D.O. and
Derek Hill, D.O.
3200 Northwestern, #240
Farmington Hill, MI 48334
Tel: (248) 996-8510
cmikel@thehlp.com

___

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF IT
MOTION FOR AN EXTENSION OF TIME TO PLEAD,
MOVE OR OTHERWISE RESPOND TO PLAINTIFF'S**

Defendants respectfully submit this reply brief in further support of their Motion for a 45-day extension of time to Answer, move or otherwise respond to the First Amended Complaint ("**FAC**") (Dkt. 14, "**Motion**").

## ARGUMENT

In good faith, Defense Counsel provided numerous, valid, professional, personal, and specific reasons for a 45-day extension to Answer, move or otherwise respond to the FAC. Plaintiff was unreasonable and offered a one-week extension, the equivalent of "ice in winter." Even after Defense Counsel compromised and lowered the request to 30-days, Plaintiff's Counsel held to an extreme position and said they might "consider" a two-weeks. Even now, Plaintiff's opposition brief (Dkt. 16, "**Opp**.") offers invalid excuses as to why a first, routine, professional courtesy (*granted by virtually every attorney in the federal bar*)*,* was not granted. Plaintiff attempts to show that Defense Counsel was unreasonable and without good cause, but the Motion and exhibits demonstrate the opposite.

***First***, Plaintiff claims Defendants set forth a litany of ***shifting*** reasons for an extension and Defendant real need is to file a motion to dismiss. (**Opp**., p. 1). The inaccuracy of this claim is shown by the email exhibits. In his July 26, 2023, email, Mr. Mikel stated reasons for the extension, including busy client dockets, scheduled vacations, work related trips, the number of named defendants, uncertainty about joint representation; and the need to evaluate changes to the FAC, internally and with clients. ("**Ex. C**"). On July 31, 2023, the day of a pre-scheduled meet-and-

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

2

confer, Plaintiff's Counsel only communicated after receiving an email that Defense Counsel *was waiting 20-minutes on the call,* and after being met with a lack of professionalism, Mr. Mikel expanded on the reasons why the extension was needed (i.e., clients out of the county, Mr. Mikel's father-in-law going to hospice shortly in Missouri, and Mr. Mikel's mother having surgery to remove thyroid cancer at the end of August. (**Ex. F**). Even without work—client-related obligations, the personal reasons alone constitute good cause to grant the extension. None of the reasons provided shifted, changed or were unclear.

    *Second,* Plaintiff characterizes the request as a subterfuge to prepare a motion to dismiss. (**Opp.**, p. 1). Plaintiff omits that after agreeing to provide only a "one-week" extension (**Ex. B**), Mr. Mikel specifically advised Plaintiff's Counsel of the possibility of a motion to dismiss, and asked if this would change their mind for the extension. (**Motion, ¶** 5). Ms. Marzotto Taylor acknowledged that she understood the potential for a motion but that did not change her position. (**Ex. E,** p. 3). Plaintiff cannot claim potential motion practice was obscured in any way.

    *Third,* Plaintiff argues there is "no good cause to delay this case until November 2023," citing their firm's own professional trial commitments as a reason to deny the extension. (**Opp.** p. 1). Plaintiff counsel omits from its brief that during the meet-and-confer, Defendants *compromised and asked for a 30-day extension until September 11, 2023.* (**Ex. F**). This run of the mill extension would have provided two weeks to review a pleading / motion prior to the start of the trial*,* and

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

3

Defendants offered comparable or more lengthy extensions to Plaintiff. (**Ex. H**). Plaintiff still refused to be reasonable. Defense Counsel was clear, the instant motion for 45-day (not 30) was filed because Defense Counsel had to engage in unnecessary motion practice that took "additional time" away from substantive work. (**Ex. F**). Regardless, this Court should note the discord of continued refusal to grant an extension based on professional commitments (like trial), arguing that Defendants' professional obligations (and family) are of lesser value. Plaintiff may be "anxious to move this case forward," (**Opp**., p. 1), but Plaintiff's reasons for denial appear to be avoiding motion review of the FAC.

*Fourth*, Plaintiff argues Defense Counsel's reasons for the extension are too general, citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir 2001). *Foster* discussed remanding a "good cause for not presenting [evidence] in the prior proceeding." *Id*. This has nothing to do with routine extensions -- typically granted, and it does not discuss reasonable justification in such a scenario. Plaintiff also cites a non-binding case, *U.S. ex rel. Kalish v Desnick*, 765 F Supp 1352 (N.D. Ill. 1991), in which the Court denied the government's request to extend the time to keep a False Claim Act Complaint under seal. *Id.* In *Kalish,* the Government "did not state when the Department of Justice notified the Department of Health and Human Services or when it debriefed Mr. Kalish and his attorney; when the Office of the Inspector General of the Department of Human Services began to inspect the documents, how many hours on what particular days inspection took place, or how many people were

4

involved in the inspection." *Id.*

Unlike *Kalish*, Defense Counsel articulated when the first Complaint was served (**Motion,** ¶ 1), when the FAC was served, that it was served by mail (not ECF),[1] (*Id.*), that Defendant did not evaluate or discuss the FAC changes with the client, *(Id.* at ¶ 3)*,* the limited number of days to respond to the FAC based on how Plaintiff went about service *(Id.* at ¶ 12), and many specific professional and personal reason why the extension was warranted *(Id.* at ¶¶ 3 and 7). Mr. Mikel, the lead attorney handling this case required additional time, for numerous family reasons including a family member entering hospice, and his mother receiving surgery, all this coupled with child-care and a heavy professional caseload. (*Id.*). Not only is *Kalish* wholly inapplicable to this case, Plaintiff characterization of Mr. Mikel "elder care responsibilities" as everyday life is incorrect.[2]

***Finally***, Plaintiff argues it is "prejudicial to force Plaintiff to suspend her redress of civil rights violations until the end of the year." (**Opp.**, p. 3). This is

---

[1] Note, Plaintiff stated the FAC was served by "mail," on July 25, but did not file a Certificate of Service until August 1, 2023, stating service by "overnight mail." Regardless, the Clients were in Spain, and Defense Counsel was provided the FAC by email July 27, 2023, before appearance in the case– only 8 days ago. (**Ex. D**).

[2] *Edkins v United States*, 1:17-CV-142, 2017 W.L. 11511310, at *2 (W.D. Mich Apr. 10, 2017), is another inapposite case cited by Plaintiff wherein the Court found that there was no particularize reason for requiring "**another extension of time to complete discovery other than 'unforeseen medical issues."** *Id*. This statement was found to be too vague for another extension given that Plaintiff was charged with extensive non-compliance in discovery. *Id.* This is wholly irrelevant to a timely, first-time request to respond to the FAC backed by specific reasons (hospice, surgery, child-care, busy client docket).

disingenuous. Even if Defendants filed a motion to dismiss on the original response date (i.e., August 11, 2023), there would be a month of briefing and a forthcoming decision that could dismiss the case. If the case is not dismissed, Defendants would Answer and discovery would proceed with the potential for a summary judgment motion. Defendants' compromise request for 30-days would have in no way prejudiced Plaintiff. But, Defense Counsel's original request for a 45-day extension is now warranted, based on the time to meet-and-confer and engage in this unnecessary motion practice. There is no prejudice or reasonable belief that Plaintiff would obtain relief more expeditiously by denying the extension.

For all the foregoing reasons, the Court should grant the requested 45-day extension of time and issue an order permitting all Defendants to plead, move, or otherwise respond to the FAC on or before September 25, 2023, and any other relief to which the Defendants are entitled to.

**Dated**: August 3, 2023,    Respectfully submitted,
                                         **THE HEALTH LAW PARTNERS, P.C.**

                                         /s/ Clinton Mikel
                                         Clinton Mikel, (P73496),
                                         Attorney for Defendants
                                         32000 Northwestern Hwy., Suite 240
                                         Farmington Hills, MI 48334
                                         Phone (248) 996-8510
                                         Fax (248) 996-8525
                                         cmikel@thehlp.com

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

## CERTIFICATE OF SERVICE

 I certify that on August 3, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send email notification of electronic filing to counsel for all parties of record.

               s/Clinton Mikel
               Clinton Mikel
               The Health Law Partners, P.C.
               Attorneys for Defendants
               32000 Northwestern Hwy., Ste. 240
               Farmington Hills, MI 48334