UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIA ZIMMERMAN,

    Plaintiff,

vs.

ELIZABETH A. PENSLER, D.O., PLLC
(d/b/a "Pensler Vein and Vascular",
"Pensler Vein and Vascular Surgical
Institute", and "Elizabeth Face +
Body Med Spa") *et al.,*

    Defendants.

Case No. 2:23-cv-11634-NGE-APP

Judge: Hon. Nancy G. Edmunds
Magistrate Judge:
Hon. Anthony P. Patti

_____/

| **DEBORAH GORDON LAW** | **THE HEALTH LAW PARTNERS, P.C.** |
|---|---|
| Deborah L. Gordon (P27058) | Clinton Mikel (P73496) |
| Elizabeth Marzotto Taylor (P82061) | *Attorneys for the Defendants* |
| Sarah Gordon Thomas (P83935) | Elizabeth A. Pensler, D.O., PLLC |
| Molly Savage (P84472) | (d/b/a "Pensler Vein and Vascular |
| *Attorneys for the Plaintiff* | "Pensler Vein and Vascular Surgical |
| Julia Zimmerman | Institute", and "Elizabeth Face + |
| 33 Bloomfield Hills Parkway, Suite 220 | Body Med Spa"); Elizabeth Med |
| Bloomfield Hills, Michigan 48304 | Spa, PLLC Derek L. Hill, D.O., |
| Tel: (248) 258-2500 | PLLC; (d/b/a "Hill Orthopedics"), |
| dgordon@deborahgordonlaw.com | Elizabeth Pensler, D.O. and |
| emarzottotaylor@deborahgordonlaw.com | Derek Hill, D.O. |
| sthomas@deborahgordonlaw.com | 3200 Northwestern, #240 |
| msavage@deborahgordonlaw.com | Farmington Hill, MI 48334 |
| | Tel: (248) 996-8510 |
| | cmikel@thehlp.com |

_____/

# DEFENDANTS' MOTION REQUESTING THE COURT TO TAKE JUDICIAL NOTICE

1

Defendants, Elizabeth A. Pensler, D.O., PLLC (d/b/a "Pensler Vein and Vascular", "Pensler Vein and Vascular Surgical Institute", and "Elizabeth Face + Body Med Spa"); Elizabeth Med Spa, PLLC; Derek L. Hill, D.O., PLLC (d/b/a "Hill Orthopedics"); Elizabeth Pensler, D.O.; and Derek Hill, D.O. ("**Defendants**") all by and through their counsel, The Health Law Partners, P.C., move under this court pursuant to Federal Rule of Evidence 201 to take judicial notice of the attached **EXHIBITS A, B,** and **C**, which are official rules and documents from the United States Federal government (the Center for Medicare and Medicaid Services).

Under Local Rule 7.1(a)(2)(A), on September 21, 2023, there was a conference between attorneys entitled to be heard on this motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

**WHEREFORE**, Defendants respectfully request that this Court enter an Order:

A. Granting Defendants' motion for Judicial Notice; and

B. Granting all other relief to which Defendants are entitled under the law.

**Dated**: September 25, 2023,

Respectfully submitted,
**THE HEALTH LAW PARTNERS, P.C.**

/s/ Clinton Mikel
Clinton Mikel, (P73496),
Attorney for Defendants

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
Phone (248) 996-8510
Fax (248) 996-8525
cmikel@thehlp.com

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIA ZIMMERMAN,

    Plaintiff,

vs.

ELIZABETH A. PENSLER, D.O., PLLC et al.

    Defendants.

Case No. 2:23-cv-11634-NGE-APP
District Court Judge:
Hon. Nancy G. Edmunds
Magistrate Judge:
Hon. Anthony P. Patti

_____/

| | |
|---|---|
| **DEBORAH GORDON LAW**<br>Deborah L. Gordon (P27058)<br>Elizabeth Marzotto Taylor (P82061)<br>Sarah Gordon Thomas (P83935)<br>Molly Savage (P84472)<br>***Attorneys for the Plaintiff***<br>Julia Zimmerman<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>Tel: (248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br>sthomas@deborahgordonlaw.com<br>msavage@deborahgordonlaw.com | **THE HEALTH LAW PARTNERS, P.C.**<br>Clinton Mikel (P73496)<br>***Attorneys for the Defendants***<br>Elizabeth A. Pensler, D.O., PLLC<br>(d/b/a "Pensler Vein and Vascular<br>"Pensler Vein and Vascular Surgical<br>Institute", and "Elizabeth Face +<br>Body Med Spa"); Elizabeth Med<br>Spa, PLLC Derek L. Hill, D.O.,<br>PLLC; (d/b/a "Hill Orthopedics"),<br>Elizabeth Pensler, D.O. and<br>Derek Hill, D.O.<br>3200 Northwestern, #240<br>Farmington Hill, MI 48334<br>Tel: (248) 996-8510<br>cmikel@thehlp.com |

_____/

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION REQUESTING THE COURT TO TAKE JUDICIAL NOTICE

i

## **STATEMENT OF THE ISSUE PRESENTED**

Should the Court take judicial notice of the Center for Medicare and Medicaid Services' ("**CMS**") rules concerning Covid-19 Public Health Emergency ("**PHE**") related to supervision requirements on "Incident-to" Billing during the time period relevant in the Complaint, and on CMS's website stating the date of expiration of said rules?

**Answer**: Yes.

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

## MOST CONTROLLING AUTHORITY

Federal Rules of Evidence 201(b)

## INTRODUCTION

Pursuant to Fed. R. Evid. 201(b), Defendants respectfully request that this Court take judicial notice of the attached **EXHIBITS A, B, and C.** These **EXHIBITS** are Center for Medicare and Medicaid Services agency rules/regulations, and website publications/documents that are publicly available on a government website, and are self-authenticating pursuant to Fed. R. Evid. 902(5).

These documents provide facts that are capable of accurate and ready determination by referring to sources whose accuracy cannot reasonably be questioned. Therefore, they meet the requirements of Fed. R. Evid. 201(b). Accordingly, Defendants respectfully request that this Court take judicial notice of the **EXHIBITS**.

## ARGUMENT

Fed. R. of Evid. 201 permits this Court to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The Court may consider judicially noticed facts on a motion to dismiss. *Ind. State Dist. Council of Laborers v.*

*Omnicare, Inc.*, 583 F.3d 935, 942 (6th Cir.2009).

Administrative regulations fall within the category of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Toth v. Grand Trunk R.R.,* 306 F3d 335, 349 (6th Cir 2002) Fed. R. Evid. 201(b); *see also Int'l Bhd. of Teamsters v. Zantop Air Transp. Corp.*, 394 F.2d 36, 40 (6th Cir.1968) ("[A] Court may take judicial notice of the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority."). The Court can also take judicial notice of an official agency memoranda and publications posted on that agency's website. Fed. R. Evid. 902(5); *See, e.g., Garnett v. Zeilinger,* 313 F. Supp. 3d 147, 156 (D.D.C. 2018); *Pharm. Research & Mfrs. of Am. v. U.S. Dep't of Health & Human Servs.*, 43 F.Supp.3d 28, 33 (D.D.C. 2014). The Court takes judicial notice of records located on government websites because they are self-authenticating under Federal Rule of Evidence 902. *Maxberry v. Univ. of Kentucky Med. Ctr.*, 39 F. Supp. 3d 872, 875 (E.D. Ky. 2014).

### ITEMS FOR WHICH JUDICIAL NOTICE IS REQUESTED

Judicial Notice is requested for the following items:

**EXHIBIT A.** On Monday April 6, 2020, The Department of Health and Human Services, Centers for Medicare & Medicaid ("**CMS**") issued an interim final rule with comment period entitled "Medicare and Medicaid Programs; Policy

and Regulatory Revisions in Response to the COVID–19 Public Health Emergency," Attached is relevant portions of the Federal Register/ Vol. 85, No. 66 /which states:

> Consequently, we are revising the definition of direct supervision to allow, for the duration of the PHE for the COVID–19 pandemic, direct supervision to be provided using real-time interactive audio and video technology.

(*Id.* at, p. 19245).

**EXHIBIT B**. On Friday November 18, 2022, CMS issued a final rule[1] noting that it "expect[s] to continue to permit direct supervision through virtual presence through at least the end of CY 2023 under our previously finalized policy." Attached is an excerpt from the voluminous Federal Register / Vol. 87, No. 222 / Friday, November 18, 2022 / Rules and Regulations, p. 69468.[2]

**EXHIBIT C**. On February 27, 2023, CMS published a fact sheet on its governmental website (cms.gov) entitled "CMS Waivers, Flexibilities, and the Transition Forward from the COVID-19 Public Health Emergency," stating that:

> To allow more people to receive care during the PHE, CMS temporarily changed the definition of "direct supervision" to allow the supervising health care professional to be immediately available through virtual presence using real-time audio/video technology instead of requiring their physical presence. CMS also clarified

---

[1] "Medicare and Medicaid Programs; CY 2023 Payment Policies Under the Physician Fee Schedule and Other Changes to Part B Payment and Coverage Policies; Medicare Shared Savings Program Requirements; Implementing Requirements for Manufacturers of Certain Single-dose Container or Single-use Package Drugs To Provide Refunds With Respect to Discarded Amounts; and COVID–19 Interim Final Rules"

[2] Also available at, https://www.govinfo.gov/content/pkg/FR-2022-11-18/pdf/2022-23873.pdf.

3

> that the temporary exception to allow immediate availability for direct supervision through virtual presence also facilitates the provision of telehealth services by clinical staff "incident to" the professional services of physicians and other practitioners. This flexibility will expire on December 31, 2023.

(Id.). available at: https://www.cms.gov/newsroom/fact-sheets/cms-waivers-flexibilities-and-transition-forward-covid-19-public-health-emergency.

As noted above, the Court can take judicial notice of administrative regulations "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," *Toth v. Grand Trunk R.R.*, 306 F3d 335, 349 (6th Cir 2002), and the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority." *Int'l Bhd. of Teamsters v. Zantop Air Transp. Corp.*, 394 F.2d 36, 40 (6th Cir.1968). Moreover, these facts which are capable of judicial notice are relevant to Defendants' argument that Plaintiff did not have an objectively reasonably belief that she was engaged in protected activity. As such, Defendants respectfully request the Court take judicial notice of **EXHIBITS A through C**

**Dated**: September 25, 2023,   Respectfully submitted,
　　　　　　　　　　　　　　　　　　**THE HEALTH LAW PARTNERS, P.C.**

　　　　　　　　　　　　　　　　　　/s/ Clinton Mikel
　　　　　　　　　　　　　　　　　　Clinton Mikel, (P73496),
　　　　　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　　　　Elizabeth A. Pensler, D.O., PLLC (d/b/a Pensler Vein and Vascular, Pensler Vein and Vascular Surgical Institute, and Elizabeth Face + Body Med Spa, Elizabeth Med Spa,

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

PLLC, Derek L. Hill, D.O., PLLC d/b/a Hill Orthopedics, Elizabeth Pensler, D.O. and Derek Hill, D.O.
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
Phone (248) 996-8510
Fax (248) 996-8525
cmikel@thehlp.com

**CERTIFICATE OF SERVICE**

    I certify that on September 25, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send email notification of electronic filing to counsel for all parties of record.

s/Clinton Mikel
Clinton Mikel
The Health Law Partners, P.C.
Attorneys for Defendants
32000 Northwestern Hwy., Ste. 240
Farmington Hills, MI 48334

5