# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JULIA ZIMMERMAN,

    Plaintiff,

vs.

ELIZABETH A. PENSLER, D.O., PLLC
(d/b/a "Pensler Vein and Vascular",
"Pensler Vein and Vascular Surgical
Institute", and "Elizabeth Face +
Body Med Spa") *et al.*

    Defendants.

Case No. 2:23-cv-11634-NGE-APP

Judge: Hon. Nancy G. Edmunds
Magistrate Judge:
Hon. Anthony P. Patti

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
*Attorneys for the Plaintiff*
Julia Zimmerman
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
Tel: (248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com

**THE HEALTH LAW
PARTNERS, P.C.**
Clinton Mikel (P73496)
*Attorneys for the Defendants*
Elizabeth A. Pensler, D.O., PLLC
(d/b/a "Pensler Vein and Vascular
"Pensler Vein and Vascular Surgical
Institute", and "Elizabeth Face +
Body Med Spa"); Elizabeth Med
Spa, PLLC Derek L. Hill, D.O.,
PLLC; (d/b/a "Hill Orthopedics"),
Elizabeth Pensler, D.O. and
Derek Hill, D.O.
3200 Northwestern, #240
Farmington Hill, MI 48334
Tel: (248) 996-8510
cmikel@thehlp.com

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Farmington Hills, MI 48334 - (248) 996-8510

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, Elizabeth A. Pensler, D.O., PLLC (d/b/a "Pensler Vein and Vascular", "Pensler Vein and Vascular Surgical Institute", and "Elizabeth Face + Body Med Spa"); Elizabeth Med Spa, PLLC; Derek L. Hill, D.O., PLLC (d/b/a "Hill Orthopedics"); Elizabeth Pensler, D.O. ("**Dr. Pensler**"); and Derek Hill, D.O. ("**Dr. Hill**") (collectively, "**Defendants**") by and through their counsel, The Health Law Partners, P.C., move under Federal Rules of Civil Procedure ("**FRCP**") 12(b)(6) to dismiss Plaintiff, Julia Zimmerman's ("**Plaintiff**"), First Amended Complaint ("**FAC**") for failure to state a claim and state as follows:

1. On July 10, 2023, Plaintiff filed her original complaint. (Docket "**Dkt.**" 1). On July 19, 2023, Plaintiff filed the FAC, (Dkt. 11) and served the Defendants by overnight mail on July 25, 2023 (Dkt. 15).

2. The FAC unsuccessfully attempts to plead three causes of action against Defendants: Count I: Retaliation under the False Claims Act, 31 U.S.C. § 3729(h) ("**FCA**") (Dkt. 11, ¶¶ 42-51); Count II: Retaliation under the Michigan Medicaid False Claims Act MCL § 400.610c ("**MMFCA**") *Id.* at, ¶¶ 52-60); and Count III: Termination in violation of Michigan Public Policy (*Id.* at, ¶¶ 61-73).

3. The FAC fails to allege the required elements of a retaliation claim, including protected activity and notice to the employer because the crux of the

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

FAC is based on non-actionable discussions/emails discussing compliance with manual guidance issued by Center for Medicare and Medicaid ("**CMS**") (Dkt. 11, ¶¶ 18-20). Plaintiff's legal conclusions characterizing her actions as complaining about "fraud" are unadorned, conclusory, unreasonable and they in no way show that Plaintiff was complaining about a fraud on the government, as opposed to merely noting need for compliance with Medicare guidance, (*see e.g.*, Dkt. 11. ¶ 28), which does not satisfy the requirements for protected activity.[1]

4. Plaintiff's own pleading confirms that she did not engage in protected activity or provide notice to her employer. For example, Plaintiff pleads she sent a "May 8, 2023, email to Defendants Pensler and Hill, stating that she refused to fraudulently bill for her services." (Dkt. 11, ¶ 36). This Court can consider the May 8, 2023, emails that are referenced in and are integral to the FAC.[2] The email states:

> Good morning. Following up on my email below, as I
> have not heard a response. It's my understanding that we

---

[1] "Merely grumbling to the employer about job dissatisfaction or <u>regulatory violations</u> does not satisfy the [notice] requirement—just as it does not constitute protected activity in the first place." *McKenzie v BellSouth Telecom., Inc.*, 219 F3d 508, 518 (6th Cir. 2000) (emphasis added); *See also, Fakorede v Mid-S. Heart Ctr., P.C.*, 709 Fed. App'x 787, 789 (6th Cir. 2017). Here, Plaintiff is on even less solid ground, as she is ***not even*** grumbling about sub-regulatory guidance contained in a Medicare Manual (which does not even have the force of law).

[2] The Court can consider documents referenced in and that are integral to Plaintiff's complaint, and not transform the motion into one for summary judgment. *Greenberg v. Life Ins. Co. of Virginia,* 177 F.3d 507, 514 (6th Cir 1999).

The Health Law Partners, P.C. – 32000 Northwestern Hwy., Ste. 240 · Southfield, MI 48334 · (248) 996-8510

are now able to indicate the PA as the servicing provider in EPIC via the appointment itself by changing the provider, and/or in the charge capture when applicable. Moving forward, in order to ensure that I'm in compliance with proper billing and to be able to continue with my position, I will be modifying this when appropriate. We will need to review this with staff as well. Thank you,

…

Good morning, I wanted to follow up as I continue to be concerned about the process of billing in the physician's name regardless of insurance carrier or servicing provider, and my personal professional liability. As we aren't able to meet the incident to criteria, I'd like to continue to discuss what we should do when a patient is seen by me. I appreciate everyone's consideration.

Thanks,

Also, please let me know if you would like me to leave those notes open for Dr Pensler/Dr Hill to review and sign, review and mark as ready for me to sign, or if I should sign them and route them for review.

(Emails of May 8, 2023, at 9:07 a.m. and 11:34 a.m.[3] Nothing in these emails or (or what is plead) would alert a reasonable person that Plaintiff was complaining about fraud on the government in any kind of way. Consistent with case law, this email (at best) constitutes nothing more than non-actionable grumbling about compliance with CMS manual guidance and does not constitute protected activity

---

[3] EXHIBIT A to Declaration of Elizabeth Pensler, D.O., sworn to on September 25, 2023 ["**Dec. Pensler**"] and EXHIBIT A to Declaration of Derek Hill, D.O. ["**Dec. Hill**"], sworn to on September 25, 2023.

or notice to the employer.[4]

5.      Nor does the FAC plead sufficient facts to show that Plaintiff had a subjective or objectively reasonable belief that she was engaging in protected activity. In 2020, CMS issued Covid-19 rules that changed supervision requirements of "incident to" billing at all applicable times plead in the FAC to permit billing in the physician's name if there was supervision by "audio / video" means.[5] Plaintiff's FAC fails to plead facts to show a reasonable belief that "incident to" conditions were not met, and CMS's Covid-19 rules show that Plaintiff's conclusory claims about billing regulations are not objectively reasonable. Notably, the changes made between the original complaint and the FAC show that both Plaintiff and her counsel know that the Plaintiff's "complaints" were neither objectively or subjectively reasonable.

6.      The MMFCA contains different operative language than the FCA. The MMFCA requires Plaintiff to be participating/cooperating in an "action" under the MMFCA to constitute protected activity. Plaintiff does not allege that she was pursuing/cooperating in such an action. Nor does Plaintiff specify any Medicaid rules, regulations, or guidance or plead any facts related thereto. The MMFCA claim must be dismissed. In the alternative, Plaintiff has not plead a

---

[4] *McKenzie*, 219 F3d at 518; *Fakorede*, 709 Fed. App'x at 789.
[5] Fed. Reg., Vol. 85, No. 66 / Mon., April 6, 2020 / Rules and Regulations, p. 19245.

The Health Law Partners, P.C. · 32000 Northwestern Hwy., Ste. 240 · Southfield, MI 48334 · (248) 996-8510

federal FCA retaliation claim, and therefore the Court should decline supplemental jurisdiction over the Michigan State-law claims.

7.      Finally, where another statute covers the conduct in question, a claim for a violation of public policy is not viable. Here, the alleged conduct is the same for all claims and is covered by the FCA and the MMFCA. Therefore, the public policy claim must be dismissed.

8.      Under Local Rule 7.1(a)(2)(A), on September 21, 2023, there was a conference between attorneys entitled to be heard on this motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

**WHEREFORE**, Defendants request that this Court grant their Motion to Dismiss Plaintiff's FAC because it fails to allege plausible claims for retaliation or violation of public policy and therefore fails to plead claims upon which relief can be granted under FRCP 8 and 12(b)(6).

**Dated**: September 25, 2023,       Respectfully submitted,
                                     **THE HEALTH LAW PARTNERS, P.C.**

                                     /s/ Clinton Mikel
                                     Clinton Mikel, (P73496),
                                     Attorney for Defendants
                                     Elizabeth A. Pensler, D.O., PLLC (d/b/a
                                     Pensler Vein and Vascular, Pensler Vein and
                                     Vascular Surgical Institute, and Elizabeth
                                     Face + Body Med Spa, Elizabeth Med Spa,
                                     PLLC, Derek L. Hill, D.O., PLLC d/b/a
                                     Hill Orthopedics, Elizabeth Pensler, D.O.

6

and Derek Hill, D.O.
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
Phone (248) 996-8510
Fax (248) 996-8525
cmikel@thehlp.com

JULIA ZIMMERMAN,

     Plaintiff,

vs.

ELIZABETH A. PENSLER, D.O., PLLC
(d/b/a "Pensler Vein and Vascular",
"Pensler Vein and Vascular Surgical
Institute", and "Elizabeth Face +
Body Med Spa") *et al.*

     Defendants.

Case No. 2:23-cv-11634-NGE-APP

Judge: Hon. Nancy G. Edmunds
Magistrate Judge:
Hon. Anthony P. Patti

_____/

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
*Attorneys for the Plaintiff*
Julia Zimmerman
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
Tel: (248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com

**THE HEALTH LAW
PARTNERS, P.C.**
Clinton Mikel (P73496)
*Attorneys for the Defendants*
Elizabeth A. Pensler, D.O., PLLC
(d/b/a "Pensler Vein and Vascular
"Pensler Vein and Vascular Surgical
Institute", and "Elizabeth Face +
Body Med Spa"); Elizabeth Med
Spa, PLLC Derek L. Hill, D.O.,
PLLC; (d/b/a "Hill Orthopedics"),
Elizabeth Pensler, D.O. and
Derek Hill, D.O.
3200 Northwestern, #240
Farmington Hill, MI 48334
Tel: (248) 996-8510
cmikel@thehlp.com

_____/

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT**

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Farmington Hills, MI 48334 - (248) 996-8510

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED…………………………………….. v.

MOST CONTROLLING AUTHORITIES………………….....…………… vi.

INTRODUCTION………………..………………………….....………… 1

FAC ALLEGATIONS/BACKGROUND………………………..…………… 2

STANDARD OF REVIEW…………………………………...…………… 7

ARGUMENT

    **I.**    PLAINTIFF FAILS TO PLEAD THE ELEMENTS OF A
           RETALIATION CLAIM UNDER THE FALSE CLAIM ACT……….. 8

   A. Plaintiff Does Not Plead Facts Sufficient to Show Protected Activity……….. 9

   B. Plaintiff Did Not Plead Notice of Protected Activity……………………… 16

   C. Plaintiff Did Not Plead Causation………………………………………… 19

   **II.**    PLAINTIFF FAILS TO PLEAD A CLAIM UNDER THE MMFPA… 21

   **III.**   PLAINTIFF'S PUBLIC POLICY CLAIM IS PREEMPTED………….. 23

   **IV.**   AMENDMENT IF FUTILE…………………………………………… 24

   **V.**    CONCLUSION……………………………………………………… 25

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................ 7, 8, 10

THE HEALTH LAW PARTNERS, P.C. – 32000 NORTHWESTERN HWY., STE. 240 · SOUTHFIELD, MI 48334 · (248) 996-8510

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ........................................................................ 7, 8
*Cephas-Hill v Linden Med. Ctr./Mid-Ohio FamilyPractice Asso*c.,
   2:20-CV-4281, 2022 WL 5177771, at *4 (S.D. Ohio Aug.2, 2022) ............................ 17, 18
*Fakorede v Mid-S. Heart Ctr.*, P.C.,
   182 F. Supp. 3d 841 (W.D. Tenn. 2016) .......................................................... 12
*Fakorede v Mid-S. Heart Ctr., P.C.,*
   709 Fed. App'x 787 (6th Cir. 2017) ........................................................ passim
*Fleming, v. Wayne County Jail,*
   NO. 19-12297, 2023 W.L. 4994943 (E.D. Mich. Aug. 4, 2023) .............................. 3, 11, 14
*Greenberg v Life Ins. Co. of Virginia,*
   177 F.3d 507 (6th Cir. 1999) ...................................................................... 8
*Harris v Riv. Rouge Hous. Com'n,*
   2:11-CV-14030, 2013 W.L. 1314961 (E.D. Mich. Mar. 29, 2013) .............................. 23
*Hoyte v. Am. Nat. Red Cross,*
   518 F.3d 61 (D.C. Cir.2008) ...................................................................... 13
*Humenny v. Genex Corp.,*
   390 F.3d 901 (6th Cir.2004) ...................................................................... 23
*Jones-McNamara v. Holzer Health Sys.,*
   630 F. App'x 394 (6th Cir. 2015) ........................................................... 9, 10, 13
*McKenzie v. BellSouth Telecomms.*, Inc.,
   219 F.3d 508 (6th Cir.2000) ............................................................... passim
*Mikhaeil v Walgreens Inc.,*
   13-14107, 2015 WL 778179 (E.D. Mich. Feb. 24, 2015) ...................................... 22
*Miller v. Abbott Labs.,*
   648 F. App'x. 555 (6th Cir. 2016) ......................................................... 9, 17, 18
*Rose v. Hartford Underwriters Ins. Co.,*
   203 F.3d 417 (6th Cir. 2000) ..................................................................... 24
*Rouse v Washington,*
   20-CV-11409, 2021 WL 2434196 (E.D. Mich June 15, 2021) ................................... 14
*Sanders v. Genesee County, Michigan,*
   22-1596, 2023 WL 4543488 (6th Cir. July 14, 2023) ........................................ 20
*Smith v. C.R. Bard, Inc.,*
   730 F.Supp.2d 783 (M.D.Tenn.2010) ............................................................. 12
*Suchodolski v. Mich. Consol. Gas Co.,*
   412 Mich. 692, 316 N.W.2d 710 (1982) ......................................................... 23
*U.S. ex rel. Howard v Lockheed Martin Corp.,*
   14 F Supp 3d 982 (S.D. Ohio 2014) ............................................................. 19
*U.S. ex rel. Yasuda v. Howard Univ.,*
   153 F.3d 731 (D.C. Cir. 1998) ............................................................. 10, 17
*United States v Wal-Mart Stores E.,* LP,
   858 Fed Appx 876 (6th Cir. 2021) ...................................................... 16, 18, 19
*Venture Sols., LLC v .Meier,*
   21-12999, 2022 WL 15800270 (E.D. Mich. Oct. 28, 2022) ..................................... 8, 10
*Williamson v. Slusher,*
   17-4271, 2018 W.L. 11303086 (6th Cir. Oct. 29, 2018) ...................................... 20
*Wood v Dow Chem. Co.,*
   72 F Supp 3d 777 (E.D. Mich. 2014) ............................................................ 14

iii

The Health Law Partners, P.C. – 32000 Northwestern Hwy., Ste. 240 · Southfield, MI 48334 · (248) 996-8510

*Yuhasz v. Brush Wellman, Inc.*,
   341 F.3d 559 (6th Cir. 2003) ........................................................................ 9, 18

Statutes

§ 3730 (h)(1) ........................................................................................................ 8
31 U.S.C. § 3730(h) .............................................................................................. 8
Mich Comp Laws Ann 400.610c ........................................................................ 22

Rules

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 7

# STATEMENT OF ISSUES PRESENTED

1.  Did Plaintiff plausibly plead a claim for retaliation under the False Claims Act 31 U.S.C. § 3729(h) (**"FCA"**), where she does not plead facts that demonstrate protected activity, notice of protected activity to an Employer/Defendant, and/or nexus/causation?

    **Answer: No.**

2.  Did Plaintiff plausibly plead a claim for retaliation under the Michigan Medicaid False Claims Act MCL § 400.610c (**"MMFCA"**), where she does not plead that she participated or cooperated in an "action" under the statute?

    **Answer: No.**

3.  Did Plaintiff plead a claim for termination in violation of Michigan Public Policy where Plaintiff pleads the same allegations for all alleged claims and those allegations are also covered by other statutes (FCA and MMFCA)?

4.  **Answer: No.**

# MOST CONTROLLING AUTHORITIES

1. *Fakorede v Mid-S. Heart Ctr., P.C.*, 709 Fed. App'x 787 (6th Cir. 2017).

2. *McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 518 (6th Cir. 2000).

3. *United States v Wal-Mart Stores E., LP*, 858 Fed Appx 876 (6th Cir 2021), cert denied sub nom. *Sheoran v. Walmart Stores* E., LP, 212 L Ed 2d 217, 142 S Ct 1210 (2022).

4. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559 (6th Cir. 2003).

5. Fed. R. Civ. P. 12(b)(6).

6. Fed. R. Civ. P. 8.

The Health Law Partners, P.C. – 32000 Northwestern Hwy., Ste. 240 · Southfield, MI 48334 · (248) 996-8510

# **INTRODUCTION**

Plaintiff fails to plead viable claims against Defendants for retaliation under the FCA, the MMFCA, and/or a violation of Michigan public policy. Plaintiff sets forth a series of unadorned legal conclusions, masquerading as facts. Plaintiff does not plead she engaged in protected activity, had a subjective or objectively reasonable[6] belief of protected activity, that any Defendant knew she was engaging in protected activity and/or a nexus between her termination and protected activity. Thus, the FCA retaliation claim should be dismissed.

Plaintiff did not plead the plain language requirements of the MMFCA that she participated in any way in a whistleblower "action," or investigation, which is required under the statue. Additionally, because Plaintiff alleged conduct governed by the FCA and MMFCA statutes, she cannot allege a public policy claim, as a matter of law. Thus, the public policy claim should be dismissed.

In the alternative, Plaintiff fails to set forth a claim under the FCA, this Court should decline to exercise supplemental jurisdiction over the state-law claims. In sum,

---

[6] The FAC removed allegations from the original complaint that billing was done while "Defendants could be reached by ***phone***…" (See. Docket "**Dkt**." 1, ¶ 31).

Removing specific allegations in favorable of general ones is abnormal.

This amendment was made because both Plaintiff and her counsel know CMS's Covid-19 rules (in effect from 2020 to December 31, 2023) state that "incident to" billing may be done if the physician is available to supervise virtually through real time video or audio. See e.g., Federal Register / Vol. 85, No. 66, p. 19246.

Defendants' motion to dismiss the Complaint should be granted in its entirety.

<div align="center">

**FAC ALLEGATIONS/BACKGROUND**

</div>

Defendants, Drs. Hill and Pensler, are well respected, licensed physicians who reside and practice in Michigan. Elizabeth A. Pensler, D.O., PLLC, Elizabeth Med Spa, PLLC, and Derek L. Hill, D.O., PLLC ("**Practice Defendants**") are Michigan professional limited liability companies providing quality medical and spa services, focusing on vein, vascular, orthopedic, and skin treatments. (Dkt. 11, ¶¶ 3-7).

Plaintiff states she is a licensed Physician Assistant, (Dkt. 11, ¶ 10), who in October 2022, accepted employment with Defendants. (*Id.* at, ¶ 11). Plaintiff claims her "job duties…included reviewing patients' medical histories, consulting with and examining patients, providing treatments, conducting procedures, diagnosing patients' conditions, and ordering diagnostic tests." (*Id.* at ¶ 12).

Plaintiff claims that "Defendants bill insurance providers…including state and federal Medicare and Medicaid programs." (Id. at ¶ 17). Plaintiff does not allege which Defendants bill Medicare or Medicaid. For example, she alleges services performed by Elizabeth Face + Body Med Spa, PLLC that would not/could not be billed to a government payer, including "face, skin, and body rejuvenation including Botox treatments, facials…." (Id. at ¶ 14). [7] Indeed,

---

[7] "***By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to satisfy this minimum***

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

Plaintiff does not distinguish between the Defendants in numerous instances.

Plaintiff alleges that "[i]n December 2022, Plaintiff was assigned to review Defendants' incomplete and open patient *electronic medical records*" and her review "revealed that some diagnoses were being used for billing purposes that did not correspond with the diagnosis made during the patient encounter." (*Id*. at ¶¶ 22-23) (emphasis added). Plaintiff's own pleading is contradictory as she admits that she only reviewed medical records, (Dkt. 11, ¶ 12), and not billing records, which does not plead a reasonable belief in protected activity.

Next, Plaintiff alleges that she observed that "virtually all services were being billed as if they were either directly performed by Defendants Pensler and Hill, or, rarely, as 'incident-to' services, even when the services were not performed by the physicians, and the criteria for 'incident-to' billing were clearly not met" (*Id*. at ¶ 24). While Plaintiff was only hired on October 22, 2022, and only reviewed medical records during her short employment stint, she alleges without supportive facts that Defendants engaged in fraudulent billing practices for several years. (*Id*. at ¶ 25). Again, the allegations are conclusory, implausible, unadorned, and do not distinguish among Defendants or support a reasonable belief of fraud.

Plaintiff pleads that "incident-to" (billing for the PA's services in the name

*standard' of Rule 8." Fleming, v. Wayne County Jail,* NO. 19-12297, 2023 W.L. 4994943, at *7 (E.D. Mich. Aug. 4, 2023).

of the physician) is "permissible if the physician conducts the patient's first appointment, creates the care plan, is on-site for any subsequent visits that the physician assistant bills for, and participates in any visits during which changes are made to the patient's care plan." (Dkt.11, ¶ 20). Plaintiff does not plead facts to show any reasonable belief that these conditions were not met. Moreover, CMS issued Covid-19 Rules related to "incident-to" billing, of which Defendants have requested that this Court take judicial notice.[8] Plaintiff does not plead and could not have had an objectively reasonable belief of protected activity because these rules state that a physician can supervise by "real time audio / video" and be permitted to bill "incident to," using the physician's name as the biller. **Plaintiff's FAC contains *less detail* than originally pled (!), as she removed inconsistent allegations from her first complaint** (Dkt. 1), which alleged that she was told bill under the physician's name if the "Defendant [physicians] could be reached by phone or were able to stop by the office for a consult"(Dkt. 1, ¶ 31). This pleading demonstrates that Defendants' practices would satisfy the CMS Covid-19 definition of supervision necessary for "incident to" billing.

Plaintiff alleges that she complained to all "Defendants" several times about Medicare Manual guidance. But the allegations have no facts which would allow this

---

[8] The Covid-19 rules were in effect from 2020 and remain in effect until December 31, 2023 – the entire length of Plaintiff's employment. See Motion for Judicial Notice, **EXHIBITS A, B, and C,** filed concurrently with this motion.

Court of Defendants to determine what was said to which Defendant. Plaintiff claims that "[i]n January and February 2023, Plaintiff reported the fraudulent billing practices as described above to Defendants." (Dkt. 11, ¶ 26). This is conclusory, as Plaintiff does not plead what was said and to whom, and there are no facts to show that Plaintiff was speaking about fraud on the government.

In Mid-March, "Plaintiff emailed Defendants and stated that their instructions did not comport with CMS criteria for billing." Consistent with case law, this does not meet the criteria for protected activity and notice to the employer, as it merely noted the need for compliance with manual guidance, which is non-actionable.[9] (*Id*. at ¶ 28). Plaintiff also alleges that on March 23, 2023, Plaintiff met with Defendants Pensler and Hill and "complained that Defendants were fraudulently billing for Plaintiff's and other physician assistants' services." (*Id*. at ¶ 29). This is a conclusory, unadorned statement. Plaintiff does not plead what was said during the meeting. Plaintiff cherry-picks certain phrases and does not plead what any specific Defendant said to her. Even giving Plaintiff's account every favorable inference, she does not plausibly plead that she communicated a fraud on the government to her employer. For example, unidentified "Defendants" stated they "could not afford," to keep Plaintiff employed and what

---

[9] *Fakorede v Mid-S. Heart Ctr., P.C.*, 709 Fed. App'x 787, 789 (6th Cir. 2017) (finding that "[a]bsent any supporting factual allegations, it is unreasonable to infer that Fakorede's conduct was directed toward preventing federal fraud.")

The Health Law Partners, P.C. · 32000 Northwestern Hwy., Ste. 240 · Southfield, MI 48334 · (248) 996-8510

Plaintiff said to her employers, "wouldn't make sense" (*Id.* at ¶ 30). The quoted quips are innocuous, and do not plead that they were in response to protected activity.

In early April 2023, Plaintiff alleges she "verbally complained to one of Defendants' [unidentified] practice managers that Defendants were fraudulently billing for Plaintiff's and other physician assistants' services in violation of ***CMS guidelines***." (Dkt. 11, ¶ 32). Again, Plaintiff makes a legal conclusion and characterizes the conduct as fraudulent, but does not provide any actionable information about which practice or what was said, other than a non-actionable discussion about compliance with guidelines.

Finally, in the only *specific* allegation in the FAC, Plaintiff claims that on May 8, 2023, she emailed Defendants Pensler and Hill, stating that she "refused to fraudulently bill for her services." (Dkt. 11, ¶ ¶ 36). The May 8, 2023, email references the Plaintiff's **mid-April 2023** email chain claiming that she communicated concerns about "fraudulent billing" (Id. at ¶ 33). These emails (which the Court can consider) merely note the need for compliance with Manual billing guidance and Plaintiff's own personal concerns, neither of which are actionable complaints about fraud on the government. For example, Plaintiff states "in order to ensure ***that I'm in compliance with proper billing*** and to be able to continue with my position, I will be modifying this when appropriate…" (**Dec.**

**Pensler, EXHIBIT A**) (emphasis added). Plaintiff said nothing that would communicate liabilities or fraud on the government. Indeed, she was concerned with her own conduct. After this email, Plaintiff claims she was terminated at a meeting on May 9, 2023, for "changing herself to the billing provider." (Dkt. 11, ¶ 41). Again, this does not give rise to an inference of liability, because it does not reasonably lead to a conclusion that a Defendant terminated the Plaintiff for complaining about fraud. As discussed below, Plaintiff has failed to plead plausible claims against Defendants and the FAC should be dismissed.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the allegations of fact must demonstrate that the plaintiff is entitled to relief, not just show a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint must "'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 679

The Health Law Partners, P.C. · 32000 Northwestern Hwy., Ste. 240 · Southfield, MI 48334 · (248) 996-8510

(quoting *Twombly*, 550 U.S. at 557). Rule 8 "does not unlock the doors of discovery for

a plaintiff armed with nothing more than conclusions. *Ashcroft,* 556 U.S. 662, 678-79.

"[C]onclusory allegations masquerading as facts do not suffice." *Venture Sols., LLC v*

*.Meier*, 21-12999, 2022 WL 15800270, at *6 (E.D. Mich. Oct. 28, 2022). And, "When

a document is referred to in the complaint and is central to the plaintiff's claim....the

defendant may submit an authentic copy to the court to be considered on a motion to

dismiss, and [this] does not require conversion of the motion to one for summary

judgment." *Greenberg v Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

## ARGUMENT

### I. PLAINTIFF FAILS TO PLEAD THE ELEMENTS OF A RETALIATION CLAIM UNDER THE FALSE CLAIM ACT

Plaintiff does not plead facts sufficient to set forth a facially plausible claim of a

retaliation claim under the FCA. The retaliation provision of the FCA, 31 U.S.C. §

3730(h), in pertinent part, states:

> (1)    In general.--Any employee, contractor, or agent shall be entitled
> to all relief necessary to make that employee, contractor, or agent
> whole, if that employee, contractor, or agent is discharged,
> demoted, suspended, threatened, harassed, or in any other
> manner discriminated against in the terms and conditions of
> employment because of lawful acts done by the employee,
> contractor, agent or associated others in furtherance of an action
> under this section or other efforts to stop 1 or more violations of
> this subchapter.

FCA, § 3730 (h)(1). To succeed on a FCA retaliation claim, a plaintiff must

show/plead that: (1) she engaged in a protected activity ; (2) the employer

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

knew she engaged in the protected activity; and (3) the employer discharged or otherwise discriminated against the employee as a result of the protected activity. *Fakorede v. Mid-S. Heart Ctr., P.C.*, 709 Fed. Appx 787, 789 (6th Cir. 2017); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003)). Plaintiff's failure to plead each elements of the claim is discussed below.

### A. Plaintiff Does Not Plead Facts Sufficient to Show Protected Activity

Plaintiff did not plead facts to plausibly show that she engaged in protected activity. To plead protected activity, Plaintiff must allege conduct directed at stopping what was reasonably believed to be fraud committed against the federal government. *Fakorede,* 709 F. App'x at 789 (citing to *Miller v. Abbott Labs.*, 648 F. App'x. 555, 560 (6th Cir. 2016) (quoting *Jones-McNamara v. Holzer Health Sys.*, 630 F. App'x 394, 399 (6th Cir. 2015). In 2009, the FCA was amended to include the "efforts to stop 1 or more violations of this subchapter" and while internal reports "may [now] constitute protected activity," these internal reports must "***allege fraud on the government***." *Jones-McNamara,* 630 F. App'x at 398 (emphasis added); *see also McKenzie v. BellSouth Telecomms.*, Inc., 219 F.3d 508, 516 (6th Cir.2000) (finding internal reports of fraud "must sufficiently allege ... fraud against the United States government.").

Here, Plaintiff alleges protected activity through internal communications. (Dkt. 11, ¶¶ 26, 28-29, 32-33, and 35-36). But the FAC allegations are legal

The Health Law Partners, P.C. – 32000 Northwestern Hwy., Ste. 240 – Southfield, MI 48334 – (248) 996-8510

9

conclusions, "masquerading as facts," and do not show that fraud on the government was in any way communicated to, or even suspected by, any Defendant. *Venture Sols., LLC,* 21-12999, 2022 WL 15800270, at *6 (E.D. Mich. Oct. 28, 2022) ("conclusory allegations masquerading as facts do not suffice").

Mostly, all of Plaintiff's allegations are legal conclusions made outside the facts, inserting the word "fraudulent" at every turn, but failing to plead facts/ what was actually said to a Defendants to plausibly plead that she was "alleg[ing] fraud on the government." *Jones-McNamara*, 630 Fed Appx at 398. *See Fakorede.*, 709 Fed Appx at 790 (citing *McKenzie,* 219 F.3d at 516–17, "***protected activity does not include "merely urging compliance with regulations***") (citing *U.S. ex rel. Yasuda v. Howard Univ.*, 153 F.3d 731, 744 (D.C. Cir. 1998)) (emphasis added).; *see also Iqbal,* 556 U.S. at 679, 129 S. Ct. 1937 (we do not accept legal conclusions as true).

Aside from legal conclusions, Plaintiff pleads nothing more than discussions/emails about compliance with guidance contained in the Medicare Manual (*e.g.*, Dkt. 20) -- which is insufficient. *Fakorede*, *supra*. In December 2022, Plaintiff alleged she was assigned to review Defendants' incomplete and open patient electronic medical records. (Dkt. 11, ¶ 22). ***Without pleading access to billing records,*** Plaintiff claims she observed "some diagnoses were being used for billing purposes that did not correspond with the diagnosis" and that "all services were being billed as if they were either directly performed by Defendants Pensler

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

and Hill, or, rarely, as 'incident-to' services, even when the services were not performed by the physicians, and the criteria for 'incident-to' billing were clearly not met". (Dkt. 11, ¶¶ 23-24).

In January and February 2023, Plaintiff claims she reported "the fraudulent billing practices as described above to Defendants" (Dkt. 11, ¶ 26). Plaintiff does not plead which Defendants,[10] or that she used any language that would have communicated a fraud upon the government. Even affording Plaintiff's allegations the inference of truth, she alleges that she was tasked to review medical records. While it is unnecessary to use formal words, it is wholly unclear that Plaintiff was communicating a belief of a fraud, as opposed to urging compliance with guidance, which is not protected activity. *See Fakorede*., 709 Fed Appx at 790 (*citing McKenzie*, 219 F.3d at 516–17 (**protected activity does not include "merely urging compliance with regulations**")). It is unreasonable to assume Defendants would have Plaintiff review medical records if they were on notice of fraud.

In mid-March 2023, Plaintiff "emailed Defendants and stated that their instructions did not comport with CMS criteria for billing. Plaintiff received no reply." (Dkt. 11, ¶ 28). Which Defendants? Again, at best Plaintiff's FAC alleges that she was merely urging compliance with CMS guidance, which is not enough to plead protected activity. *Fakorede*, *supra.* The same is true for Plaintiff's alleged

---

[10] *Flemming*, 2023 W.L. 4994943, at *7.

The Health Law Partners, P.C. – 32000 Northwestern Hwy., Ste. 240 · Southfield, MI 48334 · (248) 996-8510

March 23, 2023, complaint to Dr. Hill and Dr. Pensler at a meeting (Dkt. 11, ¶¶ 29-30), and the alleged internal complaint to an unknown practice manager in April 2023, which again discussed CMS guidelines (Id. at ¶ 32). While Plaintiff makes legal conclusions and characterizes the activity as fraudulent, she does not plead facts showing a fraud on the government was communicated to any Defendant. A review of the May 8, 2023, emails (which references the mid-April 13, 2023, email) (Id. at ¶¶ 33 and 36), demonstrates what was *actually* said:

> May 8 - Moving forward, in order to **ensure that I'm in compliance with proper billing** and to be able to continue with my position, I will be modifying this when appropriate. We will need to review this with staff as well. Thank you, …

> April 13 - I wanted to follow up as I continue to be concerned about **the process of billing in the physician's name regardless of insurance carrier or servicing provider, and my personal professional liability**. As we aren't able to meet the incident to criteria, I'd like to continue to discuss what we should do when a patient is seen by me. I appreciate everyone's consideration.

(Dec. Pensler, Ex. A and B). This email makes it clear that Plaintiff did not plead a protected communication about fraud on the government. Rather, at best, she was concerned about Medicare guidance and her own situation (i.e., "my position"), which is not a communication about fraud on the government. *see Fakorede v Mid-S. Heart Ctr.*, P.C., 182 F. Supp. 3d 841, 851 (W.D. Tenn. 2016), aff'd, 709 Fed App'x 787 (6th Cir. 2017) (discussing and quoting *Smith v. C.R. Bard, Inc.*, 730

The Health Law Partners, P.C. – 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

F.Supp.2d 783 (M.D.Tenn.2010) as stating "the court found that there was no protected activity because ***Smith was concerned about his personal liability for promotion*** of the off-label use, and was not seeking to expose any alleged fraud on the government"). The discussions/emails alleged in the FAC show that the FCA retaliation claim should be dismissed for failure to plead protected activity.

Despite the 2009 FCA amendment, permitting internal complaints to suffice for protected activity, protected activity remains subject to a ***reasonable*** belief requirement, and Plaintiff must show that her allegations of fraud grew out of an ***objectively*** reasonable belief in such fraud. *See Jones-McNamara,* 630 Fed Appx at 401 (finding belief not objectively reasonable based on the facts in McNamara's knowledge at the time she reported); see also *Hoyte v. Am. Nat. Red Cross*, 518 F.3d 61, 71 (D.C. Cir.2008) (employee must have subjective, good-faith belief, and an objectively reasonable belief that fraud is being committed on the government).

Here, Plaintiff does not plead any facts to show a subjectively (good-faith) reasonable or objectively reasonable belief of fraud/protected activity. First, Plaintiff admits that she only reviewed medical records, thus she contradicts her own pleading as it is impossible to know (and plaintiff does not explain how she would know) what was contained in the billing records. (Dkt. 11, ¶ 22). Thus, Plaintiff did not plead even a subjective good-faith belief that there was billing fraud on the government. Second, the FAC repeatedly refers to all "Defendants" and

fails to distinguish between the Defendants, **which does not satisfy Rule 8**'s pleading standard to show that any belief about any particular Defendant was reasonable. See, *Fleming, v. Wayne County Jail*, NO. 19-12297, 2023 W.L. 4994943, at *7 (E.D. Mich. Aug. 4, 2023); *Rouse v Washington*, 20-CV-11409, 2021 WL 2434196, at *9 (E.D. Mich June 15, 2021).Third, Plaintiff alleges the billing was done as if performed by the Defendant physicians ( "incident to" billing) where this was "not the case." (*Id*. at ¶ 27). Making an unadorned legal conclusion that this was "not the case" does not provide notice to the Defendants or the Court as to how the "incident to" services are "not met" (*Id*. at ¶ 21), and this pleads no facts to show Plaintiff's reasonably subjective belief (good faith) or objectively reasonable belief that fraud was being committed.

Even if the Court assumed that Plaintiff had a subjective reasonable belief, Plaintiff does not plead facts that would show an ***objectively*** reasonable belief that a violation of the FCA occurred. *See, Wood v Dow Chem. Co.*, 72 F Supp 3d 777, 788 (E.D. Mich. 2014) (holding a complaint for retaliation under Sarbanes Oxley retaliation, which requires an objectively reasonable belief, will be dismissed if…plaintiff "fails to specifically identify t[he] conduct and establish that it was objectively reasonable for her to believe that conduct violated federal law.").

Plaintiff does not plead objective facts describing the precise conduct, and to why she believed it was fraudulent to bill as the physician or "incident to" billing,

which the FAC admits is "permissible if the physician conducts the patient's first appointment, creates the care plan…participates in any visits during which changes are made to the patient's care plan." (Dkt.11, ¶ 20), Plaintiff does not allege she observed any of these conditions not being met, just legal conclusions that the criteria "were not met," which does not satisfy Rule 8 plausibility. (Dkt. 11, ¶ 24).

More poignantly demonstrating that the Plaintiff does not plead an objectively reasonable belief of fraud on the government, this Court can consider the CMS Covid-19 change in the definition of direct supervision to allow for virtual supervision of a PA using real-time interactive audio / video and permitting billing under the physician's name. Federal Register / Vol. 85, No. 66 / Monday, April 6, 2020 / Rules and Regulations, p. 19245. The interim final rules state:

> Consequently, we are revising the definition of direct supervision to allow, for the duration of the PHE for the COVID–19 pandemic, direct supervision to be provided using real-time interactive audio and video technology.

(*Id.*). This flexibility was continued in the final rule at Federal Register / Vol. 87, No. 222 / Friday, November 18, 2022 / Rules and Regulations, and does not expire until December 31, 2023.[11] These rules were in effect during the entire time of Plaintiff's employment, (Dkt. 11 ¶ 11 and 29 – Oct. 2022 to May 9, 2023), and no

---

[11] https://www.cms.gov/newsroom/fact-sheets/cms-waivers-flexibilities-and-transition-forward-covid-19-public-health-emergency. See also Motion for Judicial Notice, **EXHIBIT C.**

The Health Law Partners, P.C. – 32000 Northwestern Hwy., Ste. 240 · Southfield, MI 48334 · (248) 996-8510

reasonably objective person in Plaintiff's position could believe a fraud was being committed based solely on billing in the physician's name. CMS permits billing under the physician's name "incident to" in several circumstances, and Plaintiff has not pleaded any facts to show that her alleged belief was subjectively or objectively reasonable or protected at all. Indeed, Plaintiff ***removed facts*** from her original complaint (that Defendants were available by cell phone), because her plead facts demonstrate that Defendants would satisfy the current supervision requirements for incident to billing. This requires dismissal of the FCA retaliation claim.

**B.    Plaintiff Did Not Plead Notice of Protected Activity**

Plaintiff has not plausibly alleged that a Defendant had notice of protected activity. In the Sixth Circuit, to meet the notice requirement, Plaintiff must plead facts to show that she "ma[de] clear [her] intentions of bringing or assisting in an FCA action to show retaliation." *United States v Wal-Mart Stores E.,* LP, 858 Fed Appx 876, 880 (6th Cir. 2021), cert denied sub nom. *Sheoran v Walmart Stores E., LP,* 212 L Ed 2d 217, 142 S Ct 1210 (2022) (***affirming a motion to dismiss*** and stating that "Sheoran claims that he told his superiors about the allegedly false prescriptions, but that is not enough. Even when an employee tells their employer that they have witnessed illegal conduct and that other companies have incurred FCA liability for similar conduct, that fails to establish that an employee is pursuing an FCA action."). Reporting regulatory

violations is insufficient to sustain an FCA retaliation claim. *McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 518 (6th Cir. 2000) (quoting *U.S. ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 743 (D.C. Cir. 1998)).

Nowhere in the FAC does plaintiff allege that she made clear to any Defendant that she was intended to, pursuing, or cooperating in *qui tam* claim. This requires dismissal of the FCA retaliation claim. The reasoning provided by a sister court in this district is instructive. *Cephas-Hill v Linden Med. Ctr./Mid-Ohio Family Practice Assoc.*, 2:20-CV-4281, 2022 WL 5177771, at *4 (S.D. Ohio Aug. 2, 2022). In *Cephas-Hill*, the Court reviewed in-circuit cases, including the Sixth Circuit case of *Miller v. Abbott Labs.*, 648 F. App'x 555 (6th Cir. 2016). In *Miller,* the Sixth Circuit addressed the first element of an FCA retaliation claim and held that the "anti-retaliation section interpreted in *McKenzie* was amended in 2009 by expanding the subsection to also protect 'other efforts to stop 1 or more violations of the FCA, rather than only conduct that was in 'furtherance of an action under' the FCA." *Id.* at 560 (citations omitted). *Cephas-Hill* stated that *Miller* did not offer guidance on the second element because the plaintiff in that case failed to demonstrate that she engaged in a protected activity, and, therefore, the Sixth Circuit ended its analysis there. *Id.* at *4. *Cephas-Hill* concluded that it is bound to follow the notice requirement set forth in the Sixth Circuit cases of *Wal-Mart, Yuhasz, and McKenzie.* The reasoning of the *Cephas-Hill* Court is valuable and worth citation at length. *Cephas-Hill* held:

THE HEALTH LAW PARTNERS, P.C. – 32000 NORTHWESTERN HWY., STE. 240 · SOUTHFIELD, MI 48334 · (248) 996-8510

It would seem, however, that the district courts were mistaken in their analysis. In 2021, the Sixth Circuit again reviewed an FCA retaliation claim. *Wal-Mart*, 858 F. App'x at 880. With minimal discussion, the Wal-Mart Court affirmed the dismissal of the claim. *Id*. The court explained that, ***even though the plaintiff told his supervisors about the allegedly unlawful behavior, "that is not enough." Id***. The Court further emphasized that ***even when "an employee tells their employer that they have witnessed illegal conduct and that other companies have incurred FCA liability for similar conduct, that fails to establish that an employee is pursuing an FCA action." Id***. (quoting *Yuhasz*, 341 F.3d at 567; citing *McKenzie*, 219 F.3d. at 518). The court did not address the 2009 FCA amendment or Miller, or what changes, if any, either had on the notice requirement. *Wal-Mart*, 858 F. App'x at 880. ***In any event, the result was a clear directive: "Employees must make clear their intentions of bringing or assisting in an FCA action to show retaliation." Id. (internal citations omitted)***.

Wal-Mart addressed an FCA retaliation claim in the context of a ***motion to dismiss***…In *Wal-Mart*…the court was explaining ***what types of facts a plaintiff would have to plead (or, by extension, later prove) to succeed in her case***. Id. And, although *Wal-Mart* is unpublished, so is *Miller*, and *Yuhasz* and *McKenzie* are published. Compare *Wal-Mart*, 858 F. App'x and Miller, 648 F. App'x 555, with Yuhasz, 341 F.3d 559 and McKenzie, 219 F.3d. 508. ***Accordingly, this Court is bound to follow the notice requirement set forth in Wal-Mart, Yuhasz, and McKenzie, at least until the Sixth Circuit sees fit to revisit the same***.

Id. at *4 (emphasis added).

In sum, *Wal-Mart, Yuhasz,* and *McKenzie*, are controlling. Plaintiff did not plead facts to support that she communicated anything to any Defendant that would have reasonably notified a Defendant of her "intentions of bringing or assisting in an FCA

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

action" or even that she was complaining about fraud on the government. *Wal-Mart Stores E., LP*, 858 Fed Appx 876, 880; *see also U.S. ex rel. Howard v Lockheed Martin Corp.,* 14 F Supp 3d 982, 1023 (S.D. Ohio 2014) ( "[t]he allegations had to put Lockheed on notice that Wilson was contemplating or assisting with an FCA claim or investigation.") Indeed, Plaintiff did not bring such an action (which is why this case is not under seal being investigated by the government).

Notwithstanding, the bald allegations in the FAC are not the type that courts find would place the employer on notice of any type of protected activity. Plaintiff never used any words, or inferences, connected anything she said to a fraud on the government rather than grumbling about guidance and her own position with the employer. Because all of the Plaintiff's allegations (at best) grumble about Medicare Manual guidance, they do not constitute notice to the employer, just as they do not constitute protected activity in the first instance. *Fakorede,* 709 F. App'x at 790; *McKenzie.* 219 F.3d at 516-17. Notice of protected activity to Defendants is not pleaded, and the FCA retaliation claims must be dismissed.

### C. Plaintiff Did Not Plead Causation

As Plaintiff has not plead protected activity or notice to the employer, she cannot plead that she was discharged "because" of protected activity. *See* FCA, 3730(h). The FCA's legislative history states "the retaliation [must be] motivated at least in part by the employee's engaging in protected activity." *McKenzie v*

The Health Law Partners, P.C. – 32000 Northwestern Hwy., Ste. 240 – Southfield, MI 48334 – (248) 996-8510

*BellSouth Telecom., Inc.,* 219 F3d 508, 518 (6th Cir. 2000). Retaliation claims are dismissible based on a failure to "***sufficiently plead*** a causal connection between [protected activity] and the alleged acts of retaliation." *Williamson v. Slusher*, 17-4271, 2018 W.L. 11303086, at *2 (6th Cir. Oct. 29, 2018) (emphasis added).

Here, together with the total absence of pleaded protected activity, and no notice to a Defendant about protected activity, Plaintiff does not plead any statements by a Defendant that would create a plausible inference that Plaintiff was terminated "because" of protected activity. FCA, 3730(h). Plaintiff lodges unadorned legal conclusions, using buzzwords, about practices being "fraudulent" or "illegal." But she does not plead what was said to a Defendant to give rise to a plausible inference that an adverse employment action taken by the employer was based on or in any way connected to protected activity.

Plaintiff may attempt to argue that "temporal proximity" creates an inference of causation. The Sixth Circuit has regularly stated that "temporal proximity alone can [not] establish retaliatory motive." *Sanders v. Genesee County, Michigan*, 22-1596, 2023 WL 4543488, at *6 (6th Cir. July 14, 2023).

Here, a review of the communications prior to/close in time to Plaintiff's termination (*e.g.*, the email of May 8, 2023) (as well as any communication alleged in the FAC) shows Plaintiff is making legal conclusions and masquerading those legal conclusion as facts. (Dkt. 11, ¶¶ 33 and 36). Plaintiff's own May 8, 2023, email

The Health Law Partners, P.C. – 32000 Northwestern Hwy., Ste. 240 · Southfield, MI 48334 · (248) 996-8510

show that she was at best urging the need for compliance with Medicare guidance—which is insufficient to set forth a close in time protected activity. Moreover, the FAC pleads only selected snippets of innocuous quotes that do not give rise to an inference of causation. Plaintiff alleged Defendant Pensler stating at the termination meeting that "you went ahead and started changing yourself to the billing provider." (Dkt. 11, ¶ 41). Even if true, this does not give rise to an improper reason or a causal nexus for termination based on retaliatory motive. Even after termination, Plaintiff continued "that this had been done in accordance with CMS guidelines." *Id.* Even after termination Plaintiff continued to mention non-actionable guidance/guidelines, and the FAC pleads an innocuous statement alleged to be made by all (unidentified) "Defendants" that the practice would "lose money" if Plaintiff's statements were correct. *Id.* Thus, even if Plaintiff could rely solely on temporality only, there are no protected communications or comments or other alleged facts (*i.e.*, employer comments) that would show retaliatory causation/nexus/intent. In sum, in the absence of protected activity, notice to Defendants, or facts showing causation, the FCA claim must be dismissed.

## II.  PLAINTIFF FAILS TO PLEAD A CLAIM UNDER THE MMFPA

The Michigan Medicaid Fraud Prevention Act, states that:

> An employer shall not discharge, demote, suspend, threaten, harass, or in any other manner, discriminate

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

> against an employee in the terms and conditions of employment because the employee engaged in lawful acts, including ***initiating, assisting in, or participating in the furtherance of an action under this act or because the employee cooperates with or assists in an investigation under this act.***

Mich Comp Laws Ann 400.610c. (emphasis added).

The MMFPA does not mirror § 3730(h). "Unlike § 3730(h), it does not contain language protecting 'other efforts' to stop a violation of the act. *Mikhaeil v Walgreens Inc.*, 13-14107, 2015 WL 778179, at *11 (E.D. Mich. Feb. 24, 2015). *Mikhaeil's* reasoning shows the plain language of the MMFCA requires a plaintiff to initiate, assist in, or participate in the furtherance of an action under this act, or cooperate with or assist in an investigation under this act. Nowhere in the Complaint does Plaintiff plead facts showing she was "initiating, assisting in, or participating in the furtherance of an action under this act" or "cooperat[ing] with or assist[ing] in an investigation under this act," specifically a Medicaid investigation, or that she made this known to any of the Defendants. This warrants dismissal of the MMFPA claim.

Second, even if Plaintiff were not required to plead participation in an action or actual investigation (which she is), nowhere in the Complaint does Plaintiff discuss what Medicaid rules she believed were violated or communicated to a Defendant, which Defendant, when, or any facts to show Medicaid billing by a particular Defendant that she specifically complained about. Plaintiff only makes citation to the Medicare Benefit Policy Manual. (Dkt. 11,¶ 20). There is no citation to or discussion

of Medicaid conduct, other than legal conclusions in the "cause of Action" Section. (Dkt. 11, ¶¶ 52-60). Plaintiff must still meet Rule 8 and *Iqbal* plausibility pleading standard. As with the FCA claims, the MMFCA claim is without facts, is conclusory, and does not give rise to a plausible inference of protected activity, notice to Defendant or the Court of any MMFCA liability - warranting dismissal of this claim.

## III.     PLAINTIFF'S PUBLIC POLICY CLAIM IS PREEMPTED

Plaintiff alleges a common-law claim for violation of public policy. "Michigan courts have recognized a "public policy" exception to the general rule that an at-will employee may be terminated at any time for any reason." *Humenny v. Genex Corp.*, 390 F.3d 901, 907 (6th Cir.2004) (citing *Suchodolski v. Mich. Consol. Gas Co.*, 412 Mich. 692, 316 N.W.2d 710, 711 (1982). But "[a]s a general rule, the remedies provided by statute for violation of a right having no common-law counterpart are exclusive, not cumulative." *Harris v Riv. Rouge Hous. Com'n*, 2:11-CV-14030, 2013 WL 1314961, at *13 (E.D. Mich. Mar. 29, 2013).

In *Harris*, the Court stated, when a statute provides relief for retaliatory discharge, a public policy claim fails. Because the same facts giving rise to Plaintiff's public policy count also give rise to potential violations of the False Claims Act, Plaintiff's Michigan Public Policy Claim is preempted. 2013 W.L. 1314961, at *14 (E.D. Mich. Mar. 29, 2013). The same is true here, as Plaintiff's public policy claim rests on the same facts giving rise to alleged violations of the FCA and the MMFPA. Indeed,

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 · Southfield, MI 48334 · (248) 996-8510

Plaintiff pleads that this is the case, alleging the termination related to refusal to "acquiesce in their violation laws, statutes, regulations, and/or rules promulgated pursuant to law regarding billing the state and federal Medicare and Medicaid programs for medical services." (Dkt. 11, 63). Therefore, the claim based on public policy is preempted and should be dismissed.

Finally, in the alternative, because the Court should dismiss the FCA claim, the Court should decline supplement jurisdiction over the state law MMFPA and Public Policy claims and dismiss the complaint.

## IV.  AMENDMENT IS FUTILE

While courts freely give leave to amend when justice so requires, "a proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000). Here, Plaintiff already filed an amended complaint, without leave. Rather than add allegations, Plaintiff ***removed detail*** present in the original complaint, choosing a more generic pleading *(See e.g.,* Dkt. 1, ¶ 31-32). As discussed above, Plaintiff recognized the removed detail would lead the Court to conclude she did not have an objectively reasonable belief of protected activity. As such, it is reasonable to conclude that Plaintiff will be unable to come forth with additional facts to render her claims plausible, otherwise she would already pled them. Thus, the FAC should be dismissed with prejudice.

The Health Law Partners, P.C. · 32000 Northwestern Hwy., Ste. 240 · Southfield, MI 48334 · (248) 996-8510

## VII. CONCLUSION

For these reasons, Relator's FAC against Defendant should be dismissed for failure to state a claim under Rule 8(a) and Rule 12(b)(6).

**Dated**: September 25, 2023,      Respectfully submitted,
**THE HEALTH LAW PARTNERS, P.C.**

/s/ Clinton Mikel
Clinton Mikel, (P73496),
Attorney for Defendants
Elizabeth A. Pensler, D.O., PLLC (d/b/a
Pensler Vein and Vascular, Pensler Vein and
Vascular Surgical Institute, and Elizabeth
Face + Body Med Spa, Elizabeth Med Spa,
PLLC, Derek L. Hill, D.O., PLLC d/b/a
Hill Orthopedics, Elizabeth Pensler, D.O.
and Derek Hill, D.O.
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
Phone (248) 996-8510
Fax (248) 996-8525
cmikel@thehlp.com

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 - (248) 996-8510

## **CERTIFICATE OF SERVICE**

I certify that on the 25th day of September 25, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send email notification of electronic filing to counsel for all parties of record.

<div style="margin-left: 50%;">

s/Clinton Mikel
Clinton Mikel
The Health Law Partners, P.C.
Attorneys for Defendants
32000 Northwestern Hwy., Ste. 240
Farmington Hills, MI 48334
(248) 996-8510
cmikel@thehlp.com

</div>

The Health Law Partners, P.C. - 32000 Northwestern Hwy., Ste. 240 - Southfield, MI 48334 · (248) 996-8510