## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JULIA ZIMMERMAN,

     Plaintiff,                       Case No. 2:23-cv-11634-NGE-APP

vs.                               Judge: Hon. Nancy G. Edmunds
                                   Magistrate Judge:
ELIZABETH A. PENSLER, D.O., PLLC   Hon. Anthony P. Patti
(d/b/a "Pensler Vein and Vascular",
"Pensler Vein and Vascular Surgical
Institute", and "Elizabeth Face +
Body Med Spa") *et al.*

     Defendants.

_____/

| **DEBORAH GORDON LAW** | **THE HEALTH LAW PARTNERS, P.C.** |
|---|---|
| Deborah L. Gordon (P27058) | Clinton Mikel (P73496) |
| Elizabeth Marzotto Taylor (P82061) | ***Attorneys for the Defendants*** |
| Sarah Gordon Thomas (P83935) | Elizabeth A. Pensler, D.O., PLLC |
| Molly Savage (P84472) | (d/b/a "Pensler Vein and Vascular |
| ***Attorneys for the Plaintiff*** | "Pensler Vein and Vascular Surgical |
| Julia Zimmerman | Institute", and "Elizabeth Face + |
| 33 Bloomfield Hills Parkway, Suite 220 | Body Med Spa"); Elizabeth Med |
| Bloomfield Hills, Michigan 48304 | Spa, PLLC Derek L. Hill, D.O., |
| Tel: (248) 258-2500 | PLLC; (d/b/a "Hill Orthopedics"), |
| dgordon@deborahgordonlaw.com | Elizabeth Pensler, D.O. and |
| emarzottotaylor@deborahgordonlaw.com | Derek Hill, D.O. |
| sthomas@deborahgordonlaw.com | 3200 Northwestern, #240 |
| msavage@deborahgordonlaw.com | Farmington Hill, MI 48334 |
| | Tel: (248) 996-8510 |
| | cmikel@thehlp.com |

_____/

<u>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF**</u>
<u>**DEFENDANTS' MOTION REQUESTING THE**</u>
<u>**COURT TO TAKE JUDICIAL NOTICE**</u>

Defendants, Elizabeth A. Pensler, D.O., PLLC (d/b/a "Pensler Vein and Vascular", "Pensler Vein and Vascular Surgical Institute", and "Elizabeth Face + Body Med Spa"); Elizabeth Med Spa, PLLC; Derek L. Hill, D.O., PLLC (d/b/a "Hill Orthopedics"); Elizabeth Pensler, D.O. ("**Dr. Pensler**"); and Derek Hill, D.O. ("**Dr. Hill**") (collectively, "**Defendants**") submit this Reply in Support of Defendants' Motion Requesting the Court to Take Judicial Notice [ECF No. 18].

<u>**LAW AND ARGUMENT**</u>

In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). The Sixth Circuit has held that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it

relied. *Cain v. Redbox Automated Retail, LLC*, 981 F. Supp. 2d 674, 686 (E.D. Mich. 2013).

Administrative regulations fall within the category of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Toth v. Grand Trunk R.R.*, 306 F3d 335, 349 (6th Cir 2002) Fed. R. Evid. 201(b); see also *Int'l Bhd. of Teamsters v. Zantop Air Transp. Corp.*, 394 F.2d 36, 40 (6th Cir.1968) ("[A] Court may take judicial notice of the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority."). The Court can also take judicial notice of an official agency memoranda and publications posted on that agency's website. Fed. R. Evid. 902(5); See, e.g., *Garnett v. Zeilinger*, 313 F. Supp. 3d 147, 156 (D.D.C. 2018); *Pharm. Research & Mfrs. of Am. v. U.S. Dep't of Health & Human Servs.*, 43 F.Supp.3d 28, 33 (D.D.C. 2014). The Court takes judicial notice of records located on government websites because they are self-authenticating under Federal Rule of Evidence 902. *Maxberry v. Univ. of Kentucky Med. Ctr.*, 39 F. Supp. 3d 872, 875 (E.D. Ky. 2014).

Plaintiff argues that Defendants' motion must be denied in its entirety because there are alleged "disputed facts" purportedly contained in Defendants' exhibits. [ECF No. 23, PageID. 299]. Plaintiff further argues that "[J]udicial notice of the

3

materials Defendant presented to the Court regarding criteria for 'incident-to' billing [ECF 18] is not necessary or appropriate for the Court's disposition of Defendants' motion to dismiss. These documents were not referred to or attached to the pleadings and are not integral to Plaintiff's claims." [ECF No. 23, PageID.313]. This argument is inherently flawed.

Plaintiff's FAC specifically alleges that "[I]n March 2023, Defendants instructed Plaintiff to bill for services that Plaintiff performed as if they were performed by the Defendant physicians or 'incident-to' the Defendant physicians where this was not the case. ***This was unlawful***." [ECF No. 11, PageID.51 ¶ 27] (emphasis added).

Plaintiff provides no support or reasoning as to *why* these documents are not necessary or appropriate, and the simple explanation is that there are no reasons to prohibit their entry. Plaintiff's FAC and specifically her claims for retaliation under the False Claims Act are conditioned on the requirement that she had a "subjective, good-faith belief and objectively reasonable belief that fraud is being committed against the government." *Jones-McNamara v. Holzer Health Sys.*, 630 F. App'x 394, 399 (6th Cir. 2015). (citations omitted). An objectively reasonable belief requires facts that exist independently of the plaintiff's personal, interior mentality. *Id*. Not only are these documents self-authenticating as outlined above, but they go to the inherent

objective reasonableness of Plaintiff's allegations that fraud was being committed by Defendants.

Plaintiff cites and relies on *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455 (6th Cir. 2014) to support her argument as to why this Court should not be permitted to consider the Exhibits attached and referenced in Defendants' motion. This reliance is flawed. In *Omnicare*, the Sixth Circuit recognized that that "if a plaintiff references or quotes certain documents, or if public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment." *Id.* at 466.

Plaintiff has provided no explanation as to why the documents attached as **Exhibits A-C** in Defendants' Motion for Judicial Notice do not fall within this widely known and accepted exception. While Plaintiff provides a conclusory allegation that there are some factual disputes regarding the documents attached as **Exhibits A through C** of Defendants' motion, she fails to provide any indication of what these factual disputes are.

As noted above and in great detail in Defendants' motion, the Court can take judicial notice of administrative regulations "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

5

questioned," *Toth v. Grand Trunk R.R.*, 306 F3d 335, 349 (6th Cir 2002), and the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority." *Int'l Bhd. of Teamsters v. Zantop Air Transp. Corp.*, 394 F.2d 36, 40 (6th Cir.1968). Plaintiff has failed to provide any applicable law or reasoning as to why Defendants' motion should not be granted. Moreover, these facts which are capable of judicial notice are directly relevant to Defendants' argument that Plaintiff did not have an objectively reasonable belief that she was engaged in protected activity.

As such, Defendants respectfully request the Court take judicial notice of **Exhibits A through C** in Defendants' Motion Requesting the Court to Take Judicial Notice.

**Dated**: November 7, 2023,          Respectfully submitted,
**THE HEALTH LAW PARTNERS, P.C.**

/s/ Clinton Mikel
Clinton Mikel, (P73496),
*Attorney for Defendants*
*Elizabeth A. Pensler, D.O., PLLC, et al*
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
Phone (248) 996-8510
Fax (248) 996-8525
cmikel@thehlp.com

## **CERTIFICATE OF SERVICE**

I certify that on the 7th day of November, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send email notification of electronic filing to counsel for all parties of record.

<div style="margin-left:40%">

s/Clinton Mikel
_____
Clinton Mikel (P73496)
The Health Law Partners, P.C.
Attorneys for Defendants
32000 Northwestern Hwy., Ste. 240
Farmington Hills, MI 48334
(248) 996-8510
cmikel@thehlp.com

</div>

4875-6302-8366, v. 2