UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIA ZIMMERMAN,

    Plaintiff,

vs.

ELIZABETH A. PENSLER, D.O., PLLC d/b/a "PENSLER VEIN AND VASCULAR SURGICAL INSTITUTE" and "ELIZABETH FACE + BODY MED SPA", a Michigan Professional Limited Liability Company, **ELIZABETH A. PENSLER, D.O.,** an Individual, **ELIZABETH MED SPA, PLLC,** A Michigan Professional Limited Liability Company, **DEREK L. HILL, D.O., PLLC d/b/a "HILL ORTHOPEDICS",** a Domestic Professional Limited Liability Company, **DEREK L. HILL, D.O.,** an Individual, *Jointly and severally in their individual and official capacities,*

    Defendants.

Case No: 23-cv-11634
Hon. Nancy G. Edmunds
Mag. Judge Anthony P. Patti

| DEBORAH GORDON LAW | THE HEALTH LAW PARTNERS, P.C. |
|---|---|
| Deborah L. Gordon (P27058) | Clinton Mikel (P73496) |
| Elizabeth Marzotto Taylor (P82061) | Mark V. Breaugh (P84626) |
| Sarah Gordon Thomas (P83935) | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | 32000 Northwestern Highway, Suite 240 |
| 33 Bloomfield Hills Parkway, Suite 220 | Farmington Hills, MI 48334 |
| Bloomfield Hills, Michigan 48304 | Tel: (248)996-8510 |
| (248) 258-2500 | cmikel@thehlp.com |
| dgordon@deborahgordonlaw.com | mbreaugh@thehlp.com |
| emarzottotaylor@deborahgordonlaw.com | |
| sthomas@deborahgordonlaw.com | |

**JOINT CASE MANAGEMENT REPORT/ DISCOVERY PLAN**

Under Rule 26(f), the parties met on September 10, 2024, which was attended by the following attorneys:

| | |
|---|---|
| Elizabeth Marzotto Taylor (P82061) | Clinton Mikel (P73496) |
| Deborah Gordon Law | Mark V. Breaugh (P84626) |
| 33 Bloomfield Hills Parkway, Suite 220 | The Health Law Partners, P.C. |
| Bloomfield Hills, Michigan 48304 | 32000 Northwestern Hwy, Suite 240 |
| (248) 258-2500 | Farmington Hills, MI 48334 |
| | (248) 996-8510 |
| Attorneys for Plaintiff | Attorneys for Defendant |

Plaintiff and Defendants, by and through their respective counsel, submit the following Joint Case Management Report/Discovery Plan:

**1. Jurisdiction.** The Court has federal subject-matter jurisdiction in this case pursuant to 28 USC § 1331, and 28 USC § 1343. Defendants do not contest that this Court has jurisdiction over Plaintiff's claims.

**2. Statement of the Case:**

**Plaintiff's Statement**: This is an action for violation of federal law, arising out of Plaintiff Julia Zimmerman's employment relationship with Defendants. Plaintiff brings a claim for retaliation in violation of the federal False Claims Act. Plaintiff's claim arises from Defendants' termination of her employment. In October 2022, Plaintiff accepted employment with Defendants as a Physician Assistant. ECF No. 11 at PageID.50, ¶ 11. Shortly after becoming employed by Defendants, Plaintiff observed that Defendants were engaged in fraudulent billing practices. *Id.* at PageID.50, ¶ 23-25. After uncovering Defendants' unlawful billing practices, Plaintiff engaged in protected

2

activity by making verbal and written reports of suspected fraud on the government designed to expose and stop one or more violations of the FCA. *Id.* at PageID.50-52. On May 8, 2023, Plaintiff learned that Defendants remained engaged in fraudulent billing, including as to several of Plaintiff's patient charts. *Id.* at PageID.52, ¶ 35. Plaintiff reached out to Defendants by email that day, to expose and stop this violation of the FCA. Plaintiff expressed that she would not fraudulently bill the government for her medical services. *Id.* at PageID.51-52 ¶¶ 35-36. Plaintiff met with Defendants Pensler and Hill on May 9, 2023. They told her that her employment was being terminated. *Id.* at ¶ 39. Defendant Pensler stated that Plaintiff was being fired because of her efforts to expose and stop fraudulent billing. *Id.* at ¶ 40. Defendants told her that they would "lose money" if they did not fraudulently bill. *Id.* at ¶ 41. Defendants fired Plaintiff because she exposed and attempted to stop violations of the FCA.

**Defendants' Statement**:

Defendants assert that Plaintiff's termination was not retaliatory, as claimed in the First Amended Complaint ("**FAC**"), but rather due to performance issues and insubordination during her brief employment. Furthermore, Defendants contend that Plaintiff did not engage in any protected activity.

Rather, Plaintiff's dismissal stemmed from performance deficiencies and behavioral concerns. Despite clear communication of job expectations during the interview and onboarding process, Plaintiff consistently failed to meet minimum requirements. Specific issues included:

3

- Absences from mandatory training sessions and marketing events;

- Failure to meet job requirements; and

- Multiple disciplinary incidents, including disruptive behavior during an all-staff meeting where Plaintiff publicly challenged and screamed at licensed, respected physicians.

Plaintiff's claim of termination due to raising concerns is a post-hoc rationalization that does not align with the facts. Moreover, Plaintiff nearly immediately secured equivalent or higher-paying employment after termination – Plaintiff has not incurred recoverable damages under the Federal False Claims Act. Finally, Plaintiff has incorrectly lumped all Defendants together and attributed the alleged acts on behalf of all Defendants. However, none of the Defendants were Plaintiff's employer or are otherwise liable under the False Claims Act.

3. **Pendant State Claims.** In light of the Court's August 20, 2024, Opinion and Order (ECF No. 28), this case does not involve pendant state law claims.

4. **Joinder of Parties and Amendment of Pleadings.** At this time, the parties do not expect amendment of the pleadings or joinder of additional parties.

5. **Disclosures and Exchanges.** The parties request that the Court permit them to waive the disclosure requirements set forth in Rule 26(a)(1) because the parties intend to address the topics covered by this Rule through discovery.

6. **Discovery.** Defendants believe that all discovery proceedings can be completed by March 21, 2025. The parties recommend the following discovery plan:

    a. **Initiation of Discovery:** September 10, 2024

    b. **Witness Lists Exchanged By:** October 28, 2024

    c. **Discovery Cutoff:** March 21, 2025

    d. **Dispositive Motions Due:** April 18, 2025

    e. **Stipulation for Mediation Submitted By:** April 21, 2025

    f. **Final Pretrial Order Due**: *On a date selected by the Court*

    g. **Final Pretrial Conference**: *On a date selected by the Court*

    h. **Trial Date**: *On a date selected by the Court*

    i. **Estimated Length of Trial**: Counsel estimate the trial will last approximately 8 days: 4 days for Plaintiff's case; and 4 days for Defendants' case.

7. **Disclosure / Discovery of Electronically Stored Information.** The parties have discussed the production of electronically stored information and do not believe that an Order Relating to the Discovery of Electronically Stored Information is necessary in this action. The parties agree that ESI to be preserved includes certain emails, and other communications and records related to the subject matter of Plaintiff's Complaint. If necessary, the parties agree that disclosure or discovery of electronically stored information will be handled as follows: All requested electronic documents shall be produced in .pdf format and the original electronic document shall

be maintained, preserved, and produced for inspection by, and at the request of, the requesting party.

8. **Assertion of Claims of Privilege or Work-Product Immunity after Production:** The parties do not anticipate any issues regarding privileges but will bring any issues that may arise to the Court's attention. If a party inadvertently produces documents, information, or materials that are privileged in whole or in part, the parties agree that no privilege will be deemed waived by such inadvertent production and all applicable privileges will remain effective so long as the producing party provides the receiving party with reasonable notice of the inadvertent production.

9. **Jury or Non-Jury**. This case is to be tried before a jury.

10. **Prospects of Settlement**. The parties have engaged in settlement discussions that were not successful. Defendants believe that settlement may be possible at this stage and are willing to continue engaging in such discussions. Plaintiff's position is that some discovery is necessary before additional settlement discussions can be constructive.

Respectfully submitted,

| | |
|---|---|
| **DEBORAH GORDON LAW** | **THE HEALTH LAW PARTNERS, P.C.** |
| /s/ Elizabeth Marzotto Taylor | |
| Elizabeth Marzotto Taylor (P82061) | /s/ Clinton Mikel |
| Deborah L. Gordon (P27058) | Clinton Mikel (P73496) |
| Sarah Gordon Thomas (P83935) | Mark V. Breaugh (P84626) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 33 Bloomfield Hills Parkway, Suite 220 | 32000 Northwestern Highway, Suite 240 |
| Bloomfield Hills, Michigan 48304 | Farmington Hills, MI 48334 |
| (248) 258-2500 | Tel: (248)996-8510 |

dgordon@deborahgordonlaw.com           cmikel@thehlp.com
emarzottotaylor@deborahgordonlaw.com   mbreaugh@thehlp.com
sthomas@deborahgordonlaw.com