UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIA ZIMMERMAN,

        Plaintiff,

                             Case No. 23-cv-11634

v.

ELIZABETH A. PENSLER, D.O., PLLC, *et al.*,

        Defendants.

_____/

| SCHEDULING ORDER ||
|---|---|
| Witness Lists Filed By: | October 28, 2024 |
| Discovery Cutoff: | March 21, 2025 |
| Dispositive Motions Filed By: | April 18, 2025 |
| Referral to Magistrate Judge:  Anthony P. Patti | for settlement conference after resolution of dispositive motions. |
| Final Pretrial Order Due: | July 22, 2025 |
| Final Pretrial Conference: | July 29, 2025 @ 2:00 pm |
| Trial Date: (Trailing) | August 12, 2025 @ 9:00 am |
| Estimated Length of Trial | 7 – 10 days |
| Jury/Non-Jury Trial: | Jury |

I.    E-filing became mandatory in the Eastern District of Michigan on December 1, 2005, and Judge Edmunds requires all attorneys practicing before her to use CM/ECF (Electronic Filing).  See the Court website for details (http://www.mied.uscourts.gov), including **privacy protection requirements** as detailed on the Electronic Case Filing and Registration web page under the "Privacy Protection for Civil Filings Made with the Court" link.  Please note that you must immediately mail or hand deliver a hard copy of all dispositive motion materials, all exhibits, whether voluminous or not, together with an index of exhibits, and all documents in excess of 15 pages to Chambers, unless otherwise notified by the Court.


II.    DISCOVERY.

    A.  The Court enforces Rule 26 discovery plans agreeable to all parties.

    B.  Discovery motions are generally referred to the Magistrate Judge.  All communication regarding referred motions should be directed to the Magistrate Judge's chambers.

    C.  Discovery can be extended after the discovery cutoff date by stipulation, only if the extension of time does not affect the motion cutoff, final pretrial conference, or trial date.  Extensions or adjournments of all other dates will only be considered upon the filing of a timely written motion.

    D.  Counsel not admitted to practice in the Eastern District of Michigan shall contact the Clerk's Office at (313) 234-5005 for admission procedures.


III.    WITNESSES / INITIAL DISCLOSURES.  The deadline for exchange of witness lists contained in Rule 26(a)(1) is to be followed.  The time limit for disclosure of expert testimony contained in Rule 26(a)(2) is to be followed according to the trial date set by the Court.  Full disclosure of computer generated visual or animated evidence and full disclosure of underlying data is required.


IV.    DISPOSITIVE MOTIONS.  When filing motions for summary judgment, parties shall proceed in accordance with the following:

    A.  Before filing a motion for summary judgment or responding to such a motion, the parties are urged to familiarize themselves with Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  An excellent summary of these cases appears in Street v. J.C. Bradford & Co., 886 F.2d 1472 (6th Cir. 1989).  See also Schwarzer, Summary Judgment under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465 (1984).

    B.  Facts stated in the statement of material facts must be supported with citations to either the pleadings, interrogatories, admissions, depositions, affidavits, or

documentary exhibits.  The full text of any source cited should be filed with the Court as an appendix.  The appendix shall contain an index.

C.  Counsel are discouraged from employing elaborate boilerplate recitations of the summary judgment standard or lengthy string citations in support of well established legal principles.  Instead, counsel should focus their analysis on a few well chosen cases, preferably recent and from controlling courts.  Counsel are to supply the Court with copies of their main cases.  Where unpublished opinions or opinions published only in a specialty reporter are cited, copies of the cases <u>must</u> be submitted along with the brief.  As to cited deposition testimony, counsel are to supply the Court with a complete transcript, and citations should have page and line references.

D.  The Court Clerk will send out a notice of the hearing date.  No briefing schedule is issued.  Counsel are referred to Local Court Rules 7.1(d) and Fed. R. Civ. P. 6.  The Court requires strict compliance with Local Court Rule 7.1(a) regarding concurrence.  <u>ATTORNEYS WHO DO NOT RESPOND TO MOTIONS IN A TIMELY FASHION ARE NOT PERMITTED TO ARGUE BEFORE THE COURT DURING ORAL ARGUMENT</u>.

V.  STIPULATION FOR CASE EVALUATION must be submitted by the date set.  Referral to the mediation panel will be made at the end of discovery.

VI.  FINAL PRETRIAL CONFERENCE AND FINAL PRETRIAL ORDER.  The procedures counsel are to utilize to prepare for the final pretrial conference and the final pretrial order are as follows:

A.  Counsel for all parties are directed to confer <u>in person (face to face) at their earliest convenience</u> in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph, and (3) exchange documents that will be offered in evidence at the trial.  It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of other counsel to respond to plaintiff's counsel and to offer their full cooperation and assistance.  If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be his or her duty to communicate with the Court.  Counsel for plaintiff then will prepare a draft final pretrial order and submit it to opposing counsel, after which all counsel will jointly submit the original and one copy of the final draft of the proposed pretrial order to the Judge's chambers on the date noted in the Scheduling Order.

B.  The final pretrial order should provide for the signature of the Court, which, when signed, will become an Order of the Court.  <u>AN ORIGINAL AND ONE COPY IS TO BE FILED WITH THE COURT</u>.

C.  <u>The proposed pretrial order shall strictly comply with the provisions and requirements of Local Rule 16.2, except as this Court may otherwise provide</u>.

D.  Parties shall attend the final pretrial conference along with the attorneys who will try the case.  Those attorneys will come to the conference with <u>full authority</u>.  Counsel shall be prepared to discuss compromise settlement possibilities at the conference without the necessity of obtaining confirmatory authorization from their clients.  Parties themselves must attend the final pretrial conference unless the Court has agreed to other arrangements <u>prior to the date of the conference</u>.

## VII.   TRIAL PROCEDURES.

1.  VOIR DIRE.  At least <u>ONE WEEK</u> prior to the beginning of the trial term, all counsel shall furnish to the court any requests for voir dire.

2.  At least <u>ONE WEEK</u> prior to the beginning of the trial term, all counsel shall furnish to the court a statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.  In non-jury cases, all counsel shall submit a trial brief to the Court.

3.  Proposed JOINT JURY INSTRUCTIONS.  In jury cases, the parties are hereby ordered to meet and confer prior to trial to discuss jury instructions.  The parties are to file with the court a single set of proposed, stipulated jury instructions <u>ON THE FIRST DAY OF TRIAL</u>, in written form and in electronic form.  The Court will provide proposed opening and closing instructions at the final pretrial conference.  Counsel are responsible for all instructions related to their specific claims or defenses.  All such instructions are to be typewritten and double spaced and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08").  In addition, each party shall separately file any additional proposed instructions to which any other party objects.  The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form.

4.  Proposed FINDINGS OF FACT and CONCLUSIONS OF LAW.   In non-jury cases, proposed findings of fact and conclusions of law are generally required <u>AFTER THE CONCLUSION OF TRIAL</u>, and must be submitted in written form and in electronic form.

## VIII.   EXHIBITS DURING TRIAL.

1.  Counsel are required to mark all proposed exhibits in advance of trial; the preferred method is to use the traditional "Plaintiff's Exhibit ___" and "Defendant's Exhibit ___" stickers, but any clearly marked method is acceptable.  A consecutive numbering system should be used, Plaintiff starting with Exhibit 1, Defendant starting with Exhibit 500.

2.  Counsel are to provide the court reporter with the names of all counsel and witnesses, a copy of exhibits and a glossary of scientific, technical, or similar terms and terminology, and to inform the court reporter whether daily copy or other special services are desired.

3.  If exhibits are voluminous, exhibits used for each witness should be bound separately, and binders should be provided to the Court and each juror.

4.  Counsel are required to keep track of all admitted exhibits during trial.  Counsel must confer and maintain one set of admitted exhibits which should be ready to be turned over to the jury foreperson prior to closing jury instructions so that jury deliberations are not delayed.

5.  It is the responsibility of the parties to see that the record is complete; all trial exhibits, briefs, etc. are to be filed with the Clerk's Office in accordance with the local court rules.

6.  Personal identifier information must be redacted from exhibits.  It is counsel's responsibility to ensure this is done prior to presenting exhibits at trial.


IT IS SO ORDERED.


s/Nancy G. Edmunds
NANCY G. EDMUNDS
United States District Judge

Dated: September 20, 2024


Notice to:  ALL COUNSEL OF RECORD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


                    Plaintiff,
                                            Case No.
v.



                    Defendant.
_____/



**EXHIBIT LIST**

| EX # | DESCRIPTION | DATE OFFERED | OBJECTED TO | RECEIVED |
|------|-------------|--------------|-------------|----------|
|      |             |              |             |          |
|      |             |              |             |          |
|      |             |              |             |          |
|      |             |              |             |          |
|      |             |              |             |          |
|      |             |              |             |          |
|      |             |              |             |          |
|      |             |              |             |          |
|      |             |              |             |          |
|      |             |              |             |          |
|      |             |              |             |          |
|      |             |              |             |          |
|      |             |              |             |          |
|      |             |              |             |          |

| EX # | DESCRIPTION | DATE OFFERED | OBJECTED TO | RECEIVED |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Respectfully submitted,