UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIA ZIMMERMAN,

       Plaintiff,

v.

ELIZABETH A. PENSLER, D.O., P.L.L.C.,
ELIZABETH A. PENSLER, D.O.,
ELIZABETH MED SPA, P.L.L.C.,
DEREK L. HILL, D.O., P.L.L.C., and
DEREK L. HILL, D.O.,

       Defendants.

_____/

Case No. 2:23-cv-11634
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 35)

**A.**    **Background**

On July 10, 2023, Julia Zimmerman initiated this lawsuit regarding the May 2023 termination of her employment. The now-operative pleading contains causes of action for violation of the retaliation provision of the False Claims Act (31 U.S.C. § 3730), violation of the Michigan Medicaid False Claims Act (Mich. Comp. Laws § 400.610c), and termination in violation of Michigan public policy. (ECF No. 11, ¶¶ 42-73.) However, following the Court's August 20, 2024 opinion and order denying in part and granting in part Defendants' motion to dismiss, only the retaliation claim remains. (ECF No. 28, PageID.371.)

B.     **Recent Discovery**

Several depositions have been taken in this case:  (1) Hill was deposed, although the date of the deposition is unclear (ECF No. 35-6); (2) Pensler was deposed on November 11, 2024 (ECF No. 35-4, ECF No. 39-2); (3) Simrath Davidson, Defendants' medical biller, was deposed on January 23, 2025 (ECF No. 35-7, ECF No. 39-3);[1] and, (4) Plaintiff was deposed on March 14, 2025 (ECF No. 35-3, ECF No. 39-4).  (*See also* ECF No. 35, PageID.433 ¶ 12.)

Meanwhile, Plaintiff served her third set of requests for production of documents to Defendants on February 11, 2025.  (ECF No. 35-8.)  Defendants served responses on March 17, 2025, after being given a courtesy extension by Plaintiff's counsel.  (ECF No. 35-9.)  As to Request No. 5, which sought "a copy of the email and/or article exchanged between Dr. Hill and Simrath Davidson in July 2023 as referenced on page 39 of Simrath Davidson's deposition[,]" Defendants answered with a series of objections.  (*See id.*, PageID.572.)  (*See also* ECF No. 35-7, PageID.555 [p. 39]; ECF No. 39-3, PageID.1924.)

Discovery was due by March 21, 2025 (ECF No. 32), *i.e.*, four days after Defendants served their responses to Plaintiff's third set of requests for production

---

[1] As represented at the May 23, 2025 hearing, Defense counsel received this transcript on February 6, 2025.

2

of documents, yet Defendants now complain that the instant motion to compel should have been filed within that four-day window.

### C.     Plaintiff's Motion to Compel

Currently before the Court is Plaintiff's April 14, 2025 motion to compel discovery (ECF No. 35), by which she "seeks an order compelling production of documents responsive to RTP 5 from Plaintiff's Third Discovery, and awarding costs and fees associated with this motion."  (*Id*., PageID.435.)  Defendants have filed a response (ECF No. 39), and Plaintiff has filed a reply (ECF No. 40).

Judge Edmunds has referred this motion to me for hearing and determination.  (ECF No. 36.)  On May 23, 2025, the Court conducted a hearing, at which Attorneys Elizabeth Marzotto Taylor (Plaintiff) and Mark V. Breaugh (Defendants) argued.  (ECF No. 37.)

### D.     Order

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel (ECF No. 35) is **GRANTED** as follows:

- Defendants argue that their "objections were specific, tailored, and proper under Rule 26[,]" (ECF No. 39, PageID.1624-1626); however, to the extent Defendants objected that RTP 5 was overly broad or unduly burdensome (ECF No. 35-9, PageID.572), the objections are **OVERRULED**.  RTP 5 is quite narrowly tailored, yet Defendants responded with

3

boilerplate objections regarding supposedly overly broad scope and provided no support for also claiming undue burden.  *See State Farm Automobile Ins. Co. v. Elite Health Centers, Inc.*, 364 F. Supp.3d 758, 766 (E.D. Mich. 2018).  These objections were obviously not made in good faith, because they were not tailored to the reality of this case or of the request.[2]

- Defendants' objection that RTP 5 is "unlikely to lead to the discovery of admissible evidence[,]" (ECF No. 35-9, PageID.572), it is **OVERRULED** as based on the wrong standard, *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021); moreover, discovery is broader than admissibility, Fed. R. Civ. P. 26(b)(1).

- To the extent Defendants argue that "Plaintiff's discovery request is disproportionate to the needs of the case[,]" (ECF No. 39, PageID.1622-1624), the argument is rejected.  Although Defendants' response to RTP 5 contends the information sought is "unproportional to the needs of this case[,]" (ECF No. 35-9, PageID.572), this objection is **OVERRULED**, because the RTP 5 seeks "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).

- To the extent Defendants argue that "Plaintiff's requested discovery is irrelevant to her reasonable belief under the FCA[,]" (ECF No. 39, PageID.1620-1622), the argument is rejected.  Although Defendants' response to RTP 5 contains relevance objections (*see* ECF No. 35-9, PageID.572), these objections are **OVERRULED**, because the information sought is relevant to, *inter alia*, the affirmative defenses that "Defendants were not aware of any protected activity allegedly engaged in by the Plaintiff, and therefore could not have retaliated against the Plaintiff for such alleged activity[,]" (No. 2), "[a]ny actions alleged to be taken by Defendants were done

---

[2] My Practice Guidelines for Discovery and Discovery Motions state that, "In responding to discovery requests, **form or boilerplate objections shall not be used** and, if used, may subject the party and/or its counsel to sanctions." (Emphasis in original.)

4

    in good faith and based upon legitimate, non-retaliatory reasons[,]" (No. 3), and "Plaintiff did not engage in any protected activities[,]" (No. 4), and "[a]ll decisions made by Defendants with respect to Plaintiff and her employment were made without malice, ill-will, fraud, oppression, or any other improper motive[,]" (No. 16) (*see* ECF No. 29, PageID.380-382).  The discovery in question is also relevant to the issue of the timing of Defendants' knowledge as to information they claim to have conveyed to Plaintiff during her employment regarding the legality of certain billing practices.

- Defendants' objection that RTP 5 is "duplicative of previous requests served by Plaintiff and seeks documents that have already been produced in response to Plaintiff's First Set of Discovery Requests[,]" (ECF No. 35-9, PageID.572 (*see* Defendants' Bates Numbers 00037-00230)), has not been demonstrated and is **OVERRULED**.

- To the extent Defendants argue that "Plaintiff's motion to compel is untimely and unfairly prejudices Defendants[,]" (ECF No. 39, PageID.1626-1627), the argument is rejected, because, *inter alia*, the Court's scheduling order (ECF No. 32) is silent on post-discovery deadline discovery motions and Defendants' cited authority, *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 199-200 (E.D. Mich. 2002) is distinguishable in that it relates to an *18-month* delay in bringing a motion to compel, and even that case recognizes that there is no hard and fast rule about filing motions to compel within the discovery deadline and that the issue is discretionary.

Defendants **SHALL** serve responsive documents no later than **Friday, May 30, 2025.**

    Finally, costs will be awarded to Plaintiff, as she wholly prevailed in her position.  *See* Fed. R. Civ. P. 37(a)(5)(A).  As stated from the bench, and taking into consideration Plaintiff's counsel's years of experience (seven), the location of

her office (Bloomfield Hills, MI in Oakland County), her field of practice (labor and employment, civil rights), Plaintiff's counsel's $385.00 reasonable hourly rate recently awarded in Case 2:20-cv-10561-TGB-EAS (E.D. Mich.) (*see* ECF No. 98, PageID.3972, *therein*), the State Bar of Michigan statistics on the subject, and the Undersigned's own experience, Plaintiff shall be reimbursed for 7.5 hours at an hourly rate of $300 (***i.e.*, a total of $2,250.00**) no later than **Friday, May 30, 2025**. This amount is assessed jointly against Defendants and The Health Law Partner, P.C. law firm.

    **IT IS SO ORDERED.**[3]

Dated: May 26, 2025

                        Anthony P. Patti
                        UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).