UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JULIA ZIMMERMAN,**

    Plaintiff,

vs.

**ELIZABETH A. PENSLER, D.O., PLLC d/b/a "PENSLER VEIN AND VASCULAR SURGICAL INSTITUTE" and "ELIZABETH FACE + BODY MED SPA",** a Michigan Professional Limited Liability Company, **ELIZABETH A. PENSLER, D.O.,** an Individual, **ELIZABETH MED SPA, PLLC,** A Michigan Professional Limited Liability Company, **DEREK L. HILL, D.O., PLLC d/b/a "HILL ORTHOPEDICS",** a Domestic Professional Limited Liability Company, **DEREK L. HILL, D.O.,** an Individual, *Jointly and severally in their individual and official capacities,*

    Defendants.

Case No: 23-cv-11634
Hon. Nancy G. Edmunds
Mag. Judge Anthony P. Patti

**PLAINTIFF'S RESPONSE OPPOSING DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-SUR-REPLY**

| | |
|---|---|
| **DEBORAH GORDON LAW** | **THE HEALTH LAW PARTNERS, P.C.** |
| Deborah L. Gordon (P27058) | Clinton Mikel (P73496) |
| Elizabeth Marzotto Taylor (P82061) | Mark V. Breaugh (P84626) |
| Sarah Gordon Thomas (P83935) | **Attorneys for the Defendants** |
| Morry Daniel Hutton (P81188) | 32000 Northwestern Highway, Suite 240 |
| **Attorneys for Plaintiff** | Farmington Hills, MI 48334 |
| 33 Bloomfield Hills Parkway, Suite 220 | Tel: (248)996-8510 |
| Bloomfield Hills, Michigan 48304 | cmikel@thehlp.com |
| (248) 258-2500 | mbreaugh@thehlp.com |
| dgordon@deborahgordonlaw.com | |
| emarzottotaylor@deborahgordonlaw.com | |
| sthomas@deborahgordonlaw.com | |
| mhutton@deborahgordonlaw.com | |

Based on Defendants' improper course of conduct, a Sur-Sur-Reply should not be permitted.

On April 14, 2025, Plaintiff filed her Motion to Compel production of an email and attachment exchanged between Defendants concerning Plaintiff's protected activity under the False Claims Act (ECF No. 35). Defendants' Motion for Summary Judgment was filed on April 18, 2025 (ECF No. 38). Defendants argued, in pertinent part, that Plaintiff did not engage in protected activity under the False Claims Act because she did not have a reasonable belief that fraud was occurring during her employment. Plaintiff's Response was filed on May 16, 2025 (ECF No. 44). Plaintiff countered, in pertinent part, that the existence and content of the email withheld by Defendants, and which she had sought to compel, would undermine Defendants' argument. *See* ECF No. 44, PageID.2329, n. 8. Contrary to Defendants' assertions, Plaintiff's Response specifically identifies the import of the documents to her counter-arguments. Had these documents been produced in discovery, as they should have been, Plaintiff would have been able to address their substance in her Response. Defendants ignore that the only reason Plaintiff could not do so was their baseless refusal to produce them.

On May 26, 2025, Magistrate Judge Patti granted Plaintiff's motion to compel production of the email and attachment, in addition to Plaintiff's attorney fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). (ECF No. 46). Production of the documents was to be made no later than May 30, 2025 ("Defendants **SHALL** serve responsive documents

2

no later than **Friday, May 30, 2025**."). *See* ECF No. 46, PageID.2913 (emphasis in original). Defendants filed their Reply in support of their Motion for Summary Judgment on May 30, 2025 (ECF No. 48) and continued to withhold the documents.

Defendants' Motion fails to address their failure to comply with the explicit language of the Court's order requiring them to provide the documents by May 30, 2025. They offer no explanation for why they continued to withhold the documents for days after filing their Reply, or why the documents were only produced after Plaintiff's reached out to Defendants' counsel, on June 2, 2025. **Exhibit 1**, Correspondence re: Order on Motion to Compel. Moreover, Defendants have always had the documents, and, therefore, were always able to address them in their original brief and Reply. They should have followed the Court's order and produced the documents on May 30, and then addressed them in their Reply. This would have made a Sur- Sur- Reply unnecessary.

A Sur-Sur Reply would also be unnecessary if Defendants had complied with the Federal Rules and produced the documents in discovery. All parties would have been able to address the documents in summary judgment briefing. Instead, Plaintiff was forced to file a motion to compel production of the documents. The Court found that none of Defendants' objections had factual or legal merit, and that some were not asserted in good faith. ECF No. 46, PageID.2911 ("these objections were obviously not made in good faith…"). Defendants' wholly unfounded refusal to comply with the discovery rules created this issue, which they now ask the Court to remedy.

3

Furthermore, Defendants could have produced the documents in advance of the hearing, when Plaintiff's counsel reached out to attempt to resolve the motion to compel. **Exhibit 2**, May 22, 2025 Correspondence. Defendants then could have addressed the documents in their Reply, making a Sur- Sur- reply unnecessary. Instead, Defendants continued to violate the discovery rules.

The only reason a Sur-Reply was necessary in this case was Defendants' improper course of conduct both in discovery and after receiving the Court's order as to the Motion to Compel. Considering their conduct, Defendants should not be granted leave to file a Sur- Sur- Reply.

Dated: June 19, 2025                    Respectfully submitted,

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304

(248) 258-2500
dgordon@deborahgordonlaw.com

5