# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JULIA ZIMMERMAN,

      Plaintiff,

vs.

ELIZABETH A. PENSLER, D.O., PLLC (d/b/a "Pensler Vein and Vascular", "Pensler Vein and Vascular Surgical Institute", and "Elizabeth Face + Body Med Spa") *et al.*,

      Defendants.

Case No. 2:23-cv-11634

Judge: Hon. Nancy G. Edmunds
Magistrate Judge:
Hon. Anthony P. Patti

---

| | |
|---|---|
| **DEBORAH GORDON LAW**<br>Deborah L. Gordon (P27058)<br>Elizabeth Marzotto Taylor (P82061)<br>Sarah Gordon Thomas (P83935)<br>*Attorneys for Plaintiff*<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br>sthomas@deborahgordonlaw.com | **THE HEALTH LAW PARTNERS, P.C.**<br>Clinton Mikel (P73496)<br>Mark V. Breaugh (P84626)<br>Eduardo Reyes (P75638)<br>*Attorneys for the Defendants*<br>32000 Northwestern Highway, Suite 240<br>Farmington Hills, MI 48334<br>Tel: (248)996-8510<br>cmikel@thehlp.com<br>mbreaugh@thehlp.com |

---

## **DEFENDANTS' SUPPLEMENTAL REPLY BRIEF (SUR-SUR-REPLY)**

Plaintiff's Sur-Reply introduces new arguments based on an email sent almost *3-months-post-termination*, after litigation was filed by Plaintiff, from Dr. Hill to Simrath Davidson. The email linked to an outdated law-firm blog post regarding "incident-to" billing. Defendants submit this limited supplemental reply to address those new arguments, clarify the context and content of the email, and rebut Plaintiff's mischaracterizations.

First, Plaintiff's argument hinges on an outdated blog post hyperlinked in the July 28, 2023, email. (**EXHIBIT A – July 2023 Email and Blog Post**). The email shows that, several months after Plaintiff's termination and after litigation was initiated, Dr. Hill came across a blog. The blog was published on September 26, 2022, and erroneously stated that the COVID-era exception *had expired* as of January 1, 2023. **EXHIBIT A**. The COVID Public Health Emergency was initially declared in 2020,[1] and was extended/renewed via HHS Secretary renewal letters, *including twice after the blog was posted* on October 13, 2022, and January 11, 2023.[2] Notably, on November 18, 2022 – after the blog was published (and never subsequently updated) –

---

[1] **Determination That a Public Health Emergency Exists Under 42 U.S.C. § 247d**, 85 Fed. Reg. 7,316 (Feb. 7, 2020).
[2] HHS Secretary letters posted at https://aspr.hhs.gov/legal/PHE/, and are attached hereto as **EXHIBIT B.**

1

CMS issued formal rulemaking extending the incident-to flexibilities through at least December 31, 2023 (or later if the PHE remained active).[3]

Second, Plaintiff argues that the July 28, 2023, email (almost 3 months post-employment) is evidence that Defendants were unaware of COVID-era CMS supervision standards during Plaintiff's employment. Such an interpretation is wholly incorrect. There is no language in the July 28, 2023, email that supports Plaintiff's position that Defendants were "unaware" of the COVID-regulations themselves during the time of Plaintiff's employment. The email shows only what it shows – that Dr. Hill came across an incorrect/outdated blog post (several months after Plaintiff's employment ended, and after Plaintiff filed the instant action), and sought out his biller because he thought his ***prior understanding*** was incorrect. It does not demonstrate what Defendants knew during Plaintiff's tenure, nor does it retroactively support Plaintiff's claimed "reasonable belief" during the relevant period.

Again, the blog in question was published by a third-party law firm and was not current regarding the status of CMS guidance at the time Dr. Hill came across it. While the blog stated that COVID supervision flexibilities were set to expire at the end of 2022, that statement was already outdated when Dr. Hill encountered it. Plaintiff

---

[3] See also *Ctrs. for Medicare & Medicaid Servs.*, Fact Sheet: CMS Waivers, Flexibilities, and the Transition Forward from the COVID-19 Public Health Emergency (Feb. 27, 2023), a copy of which is attached hereto as **EXHIBIT C**. The relevant language has been highlighted for the Court's convenience.

selectively quotes this blog and uses its outdated information to assert that Defendants lacked knowledge of the COVID-19 rules. But the blog itself—and Dr. Hill's later stumbling on it—cannot/does not establish what standards Defendants understood or followed during Plaintiff's employment.

To get here, Plaintiff mischaracterizes the content of the email, and disregards Dr. Hill's own testimony confirming his awareness and understanding of the COVID-19 regulations during Plaintiff's tenure. **See EXHIBIT D, Dr. Hill Dep. 32:23-33:23**. Dr. Hill's statement that "we did not realize that this rule had reverted" was made in July 2023, over two months after Plaintiff was terminated, and referred to an erroneous interpretation based on the outdated blog post, not an admission of ignorance during Plaintiff's tenure. **See EXHIBIT A**. Notably, the actual verbiage "we did not realize that this rule had reverted" bolsters Defendants' testimony that they previously had a correct understanding of the rules during Plaintiff's brief tenure. **EXHIBIT A;** *See also* **EXHIBIT D, Dr. Hill Dep. 32:23-33:23.** The email does not concede fraud, nor does it acknowledge the validity of Plaintiff's past grumblings (which did not touch on Medicare billing). It merely reflects a post-termination review of outdated guidance in the context of ongoing litigation. Plaintiff's attempt to equate this with proof of fraudulent intent during her employment is unfounded, contra the record, and contra the plain-language of Dr. Hill's email.

3

Third, Plaintiff's Sur-Reply improperly shifts the burden. Plaintiff admitted in her deposition that she did not know the CMS "incident-to" billing standards had changed during COVID, nor did she reference or rely on those standards in her internal grumblings. Whether Dr. Hill was temporarily mistaken in July 2023 about the precise expiration date of those standards, based on a subsequently discovered outdated blog post, does not affect **whether Plaintiff herself held a reasonable belief of fraud at the time of her employment**. See *Jones-McNamara v. Holzer Health Sys.*, 630 F. App'x 394, 399 (6th Cir. 2015) (an employee's allegations of fraud must be made in good faith and be objectively reasonable). The FCA's protected activity clause turns on **Plaintiff's understanding**—not *post hoc* speculation grounded on a blog she never saw and regulatory provisions she admittedly did not know.

For these reasons, Defendants respectfully request that the Court consider this supplemental reply in evaluating the pending Motion for Summary Judgment.

**Dated**: June 24, 2025

Respectfully submitted,
**THE HEALTH LAW PARTNERS, P.C.**

*/s/ Mark V. Breaugh*
Mark Breaugh (P84626)
The Health Law Partners, P.C.
Attorney for Defendants

4

## CERTIFICATE OF SERVICE

      I certify that on the 24th day of June, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send email notification of electronic filing to counsel for all parties of record.

      /s/*Mark V. Breaugh*
Mark V. Breaugh
The Health Law Partners, P.C.
Attorneys for Defendants
32000 Northwestern Hwy., #240
Farmington Hills, MI 48334
(248) 996-8510
mbreaugh@thehlp.com

5